## W. WHITEHEAD, Receiver, *v.* T. R. WILEY.

The nullity resulting from a judicial sale on which the price bid does not exceed the prior conventional mortgages is relative only.

Article 684 of the Code of Practice declares that if the price bid at the Sheriff's sale does not exceed the amount of mortgages having a preference over the seizing creditor, "the adjudication shall be null." This is a prohibitory law, and whatever is done in contravention of a prohibitory law is void, although the nullity be not formally pronounced by the law itself. *Buchanan*, J., dissenting.

A purchaser in good faith, to whom property has been adjudicated, for a price less than the mortgages, having a preference over the seizing creditor, can not be compelled to give up the property without being refunded the price which he has really paid. *Buchanan*, J., dissenting.

APPEAL from the District Court of the parish of Madison, *Perkins*, J. *Stockton & Steele*, for plaintiff. *Stacy & Sparrow*, for defendant. *J. B. Bemiss, curator ad hoc,* for *Latham*.

SLIDELL, C. J. The plaintiff obtained in May, 1845, a judgment against *Nicholson Barnes*, which was recorded in the parish of Madison in June, 1845. In 1850, he brought this action, in which he claims a judicial mortgage upon a tract of land in the parish of Madison, in possession of *Wiley*.

*Wiley* bought the land of *Harvey Latham* in 1849; and *Latham* bought in February, 1845, at a sale made by the Marshal of the United States upon a judgment and fi. fa. in the suit of *Putnam* v. *Barnes*. *Latham* paid the amount of his bid, took possession, and received a deed from the Marshal, which was recorded in February, 1845.

It is said the Marshal's sale was a nullity, because the price bid did not exceed a prior conventional mortgage. It was not an absolute nullity, and neither the defendant in execution nor the mortgage creditor have ever objected. On the contrary it appears from the evidence that both consented, and a few days after the Marshal's sale the holder of the mortage, in pursuance of a previous understanding, executed a release of the mortgage so far as it bore on the land bought by *Latham*.

Under these circumstances we think there was a divestiture of *Barnes*' title, accompanied by registry and possession, before the plaintiff recorded his judgment, and therefore his claim of judicial mortgage upon the land in question was properly refused. See *Whitehead* v. *Gaines*.

It is proper to observe that the petition contains no charge of fraud, and does not present a case of the revocatory action.

Judgment affirmed, plaintiff to pay cost of appeal.

BUCHANAN, J. dissenting. The Article 684 of the Code of Practice declares that if the price bid at the Sheriff's sale does not exceed the amount of mortgages having a preference over the seizing creditor, "there shall be no adjudication." This is a prohibitory law. And whatever is done in contravention of a prohibitory law is void, although the nullity be not formally pronounced by the law itself. C. C. Art. 12.

A series of decisions upon the construction of this Article has settled that in the contingency spoken of, there is in contemplation of law, no sale of the property.

Thus in *Perry*, syndic, v. *Holloway*, 10 Rob. 110, the court said, "According to Articles 683 and 684 of the Code of Practice, privileges and special mortgages on property offered for sale by the Sheriffs in favor of other persons than the seizing creditor and which are preferred to him, form essentially a part of the price for which it may be sold, and it cannot be sold, unless something was offered over and above their amount."

Again, in the same case, "There having been no sale, the property remained that of *Powell*." This was a case where the syndic of *Powell's* creditors was seeking to reduce to possession and succeeded in doing so, the property sold, for the benefit of all the creditors; and as in the present case the judgment debtor was fully consenting and combining with the purchaser; and as to the previous mortgage, the case is stronger than the present one, for it turned out to have been simulated and unreal.

In *Fernandez* v. *Bein*, 1 Ann. 32, and *Trudeau* v. *McVicar*, 1 Ann. 426, the purchaser at Sheriff's sale for a price below the amount of previous montgages was allowed to repudiate the purchase, on the ground that there was no valid sale; although in the latter case, he had actually given a twelve months' bond for the price, which had run to maturity.

And in the cases of *Landreaux* v. *Hazleton*, 1 Martin N. S. 600. *De Armas* v. *Morgan*, 3 N. S. 604, and *Balfour* v. *Chew*, 4 N. S. 162. The same construction was put up on the Statute of 1817, which is substantially the same as Article 684 of the Code of Practice.

Equity, however, requires that in annulling the sale, in cases where there has been no fraud, the purchaser should be restored to his position at the time of the sale. Thus the purchaser should not be compelled to give up the property without being refunded the price which he has really and truly paid. And as, in the present case, fraud is not proved, nor even alleged, restitution of the price or at least good security for its restitution, ought to have been tendered to defendant at or before the institution of the suit, by a creditor who seeks to hold the property as still liable for the payment of his claim, notwithstanding the adjudication by the Sheriff. 6 Ann. 255. For want of such tender, I think the judgment should be one of nonsuit.