No. 3236.—ELIZABETH BARBEE *v.* S. B. PERKINS et al.

A sale of real property belonging to a succession, under a decree of a competent court, will not be held to be an absolute nullity on account of irregularities in the mortuary proceedings which lead to the granting the order. In such a case the claimant under an adverse title must first cause the sale to be annulled by direct action. 19 An. 353.

APPEAL from the Fifth Judicial District Court, parish of East Baton Rouge. *Posey*, J. *Fuqua & Callihan*, for plaintiff and appellant. *White & Robertson* and *A. S. Herron*, for defendants and appellees.

HOWELL, J. This is a petitory action, in which plaintiff asks to be declared the owner and put in possession of a tract of land in the parish of East Baton Rouge, and in the possession of the defendants, on the ground that she inherited the same as sole heir of her mother, Mrs. Henderson, who died in 1854, in West Baton Rouge, where her succession was opened, as alleged, by the appointment of plaintiff's father, J. G. Henderson, as her tutor, who, in such capacity, took possession of all her mother's property, including the land in question, and has since illegally and by a fraudulent combination with defendants disposed of the same by means of certain void judicial proceedings, resulting in a sale, which she describes but does not ask to be set aside.

The defendants set up title by purchase at sheriff's sale, made in October, 1861, in pursuance of a decree of the district court of West Baton Rouge, having jurisdiction of the succession, granted upon the advice of a family meeting held in St. Landry, where the tutor and minor resided at the time, and a commission to the sheriff of East Baton Rouge, issued under said decree. They also plead the prescription of five years to any alleged irregularities prior and subsequent to the date of said decree.

The evidence shows that the sale was made as a succession sale, under an order of the district court of West Baton Rouge, where the succession of Mrs. Henderson was opened; that S. B. Perkins, one of the defendants, was the adjudicatee, who complied with the terms of sale by giving his note, due at twelve months, for the price, which was delivered to the tutor, on whose petition the sale was ordered, and

who on the same day purchased another tract of land from said Perkins, and gave up said note in payment of the price.

The record discloses many censurable irregularities in the mortuary proceedings; but we are not authorized, in consequence thereof, to treat the decree of a competent court and the sale under it as absolute nullities, and declare the plaintiff to be the owner of the land bought by Perkins in apparent good faith. Until the judicial sale is set aside, we must give effect to it and the proceedings sustaining it. 13 La. 431; 10 R. 396; 2 An. 467; 19 An. 354. This not being a suit to annul the judgment and sale under it, it is unnecesary to inquire into the effect upon the sale of the disposition made by the tutor of the note received by him from Perkins, the purchaser. The tutor may have made himself liable to plaintiff by such transaction, but it does not render the sale null.

Judgment affirmed.