No. 936.

SUCCESSION OF PAULIN FONTELIEU. OPPOSITION TO HOMOLOGATION OF TABLEAU.

It is unimportant to the opponents whether certain privileged debts be paid or not; if they exist they are properly on the tableau.

The administrator is only entitled to his commissions on the amount collected and to be distributed.

A judicial sale can not be annulled in a collateral proceeding in which the vendee is not a party.

The vendee in this instance is protected by the order of the court under which the sale was made, even if the *ex parte* order rescinding the first order could be construed to forbid the sale absolutely, because the vendee had no knowledge of the fact. But the second order was conditional, and the administrator complied. with the condition, so that, even if it had been rendered contradictorily with the administrator and valid, it would not have had the effect of annulling the first order.

It is now well settled that a sale of succession property to pay debts may be validly made for less than two thirds of the appraisement.

The claim of the widow and children of the deceased, who were and are in necessitous circumstances, is correctly placed on the tableau as a privileged one. They are entitled to the one thousand dollars allowed, with a privilege according to law, less the value of the furniture received by her and such sums as have been collected by her while acting as administratrix.

APPEAL from the Parish Court, parish of Vermilion. *Kibbe*, J. *Joseph A. Breaux*, for administrator, appellant. *Frank E. King*, for opponents and appellees.

LUDELING, C. J. The administrator filed a provisional account and tableau of distribution, which was opposed by Herrmann & Vignes and others, claiming to be creditors of the estate, on the following grounds: That the account represents that certain privilege debts have been paid, whereas they are unpaid. It is unimportant to the opponents whether those debts be paid or not; if they exist, they are properly on the tableau. They oppose the commissions of the administrator, on the ground that the administrator is only allowed a commission on the property administered, bad debts deducted, and that it is impossible to know now what his commissions are, and the demand is premature. C. C., article 1200. The administrator was only entitled to his commissions on the amount collected and to be distributed. C. C. 1200.

They next oppose the account because the administrator has failed to account for moneys collected by nim, but the opposition does not designate the amounts or from whom collected. This is too vague to be noticed. They charged that the administrator should account for moneys collected by the natural tutrix. It is probable he will when he collects it; it is not alleged that he has collected any thing from the natural tutrix.

The opponents further oppose the account, and insist that the amount charged against himself as the proceeds of the sale of certain real property should be stricken from the account, because—

First—The sale was illegal and was made without authority.

Second—The order of the court to sue had been rescinded before the sale.

Third—The sale was not made by the sheriff, but by the administrator, without any authority or commission.

Fourth—Because it was not advertised according to law and did not sell for two thirds of its appraisement.

Fifth—If the sale be maintained the estate will be insolvent.

Sixth—The sale was made in opposition of opponents' protests, and in violation of the decree of the probate court.

This is an attempt to annul a judicial sale in a collateral proceeding in which the vendee is not a party.

It appears that the administrator was appointed and qualified according to law. He obtained an order from the probate court to sell property to pay debts. This order was directed to sheriff or administrator, and the property advertised for sale. Thereupon the opponents represented to the parish judge that the bond was not a legal bond, and on the *ex parte* application of said creditors the judge made an *ex parte* order rescinding the order to sell in the following words: " The court rescinded the orders granting the sale until the administrator furnish a sufficient bond, as required by law." This order was served on the administrator on the twenty-first of October, 1875, who furnished another bond as required. The sale was made, and the property was adjudicated to the highest bidder, who paid the price.

This vendee is protected by the order of the court under which the sale was made, even if the *ex parte* order rescinding the first order could be construed to forbid the sale absolutely, because the vendee had no knowledge of the fact. 11 La. 156; 2 An. 466; 21 An. 425, 514; 25 An. 630. But we think the second order was conditional, and the administrator complied with the condition, so that even if it had been rendered contradictorily with the administrator and valid, it would not have had the effect of annulling the first order.

It is now well settled that a sale of succession property to pay debts

may be validly made for less than two thirds of the appraisement. 10 R. 398; 9. R. 508; 13 La. 431; 5 An. 437; 27 An., not reported.

The administrator filed an amended account and tableau, on which he placed the claim of the widow and children of the deceased, who were and are in necessitous circumstances, as a privileged claim. This claim is opposed by the creditors.

The evidence shows that they are entitled to the one thousand dollars, with a privilege, according to law, less the value of the furniture received by her and such sums as have been collected by her while acting as administratrix. The evidence in this record is not sufficiently definite to enable us to fix the amount collected or the value of the furniture.

The claims of the opposing creditors appear to be established.

It is therefore ordered and adjudged that the judgment of the lower court be reversed. It is further ordered that the opposition to the account and tableau and amended account and tableau be rejected in regard to the following items, to wit: The proceeds of the sale of the land charged against the administrator, the privileged claim of the widow and children, less the value of the furniture and the sums collected by the widow from the assets of the succession, and to so much of the administrator's commissions as exceeds two and a half per cent on the amount to be distributed, and that in other respects it be confirmed and homologated. It is further ordered that the opponents pay costs of this appeal.

Rehearing refused.