NEW ORLEANS, MAY, 1881. 823

Southern Mutual Insurance Company vs. Pike et al.

---

## No. 7635.

SOUTHERN MUTUAL INSURANCE COMPANY VS. MRS. MARY A. PIKE ET AL.

An issue about the legal *status* of one of the parties, which requires the introduction of evidence to prove the facts alleged, cannot be raised in this Court.

Unless the sheriff, in offering property for sale at public auction, announces, after reading the mortgage certificate, that the purchaser shall have the right to retain the amount of the anterior mortgages and privileges, there can be no valid adjudication.

But the nullity is susceptible of ratification.

A PPEAL from the Fifth District Court for the parish of Orleans. *Rogers, J.*

*S. P. Greves* and *Merrick, Race & Foster,* and *Geo. L. Bright* and *Barrow & Pope,* for Plaintiff and Appellee.

*Herron & Bird* and *Richardson & Magruder* for Defendants and Appellants.

*Chas. S. Rice* for Thos. W. Bothick, Appellant.

ON MOTION TO RESCIND.

The opinion of the Court was delivered by

BERMUDEZ, C. J. Upon a verified averment of the extinction of the corporation plaintiff and of the judicial appointment of a liquidator of its affairs, an order was obtained substituting him in these proceedings.

Dissatisfied with this order, the defendants have taken a rule to rescind it.

They set forth allegations, to support which it would be necessary to hear proof, which cannot be received here. 32 An. 663; 2 An. 430.

Besides, the appellants have no authority to assail collaterally the appointment of the liquidator, which must be held as validly made until shown to have been legally vacated. 15 An. 27; 23 An. 17; 24 An. 253.

The rule is denied.

ON THE MERITS.

The plaintiffs substantially aver that they obtained a judgment for over $180,000 against the widow and heirs of W. S. Pike; that they

issued a *fieri facias* and caused to be seized, advertised and offered for sale by the sheriff of the parish of East Baton Rouge, property in the town of Baton Rouge belonging to the widow; that although plaintiffs were the highest and last bidders thereon for $13,334, which exceeded the two-thirds of the appraisement thereof, the sheriff has refused to adjudicate the same. The prayer is that the sheriff and Widow Pike show cause why he should not make title to plaintiff and pay over the rents of said property.

The defendants answer by a general denial, and aver that the amount offered was not sufficient to cover *two* anterior conventional mortgages, amounting to $45,522, granted by judicial authority in favor of the minor Gertrude D. Pike, of whom the Widow Pike is the tutrix.

The reply is that the first recorded mortgage for $34,375, in favor of the minor, was at the time reduced to $11,147 by decree of the proper probate court, and that the evidence of such reduction was in the hands of the parish recorder *before* the time of sale.

The case was tried and there was judgment for plaintiffs, from which the defendants appeal.

It is admitted that a copy of the petition and of the judgment thereon of the probate court to have erased the mortgages existing on the property in question in favor of the minor, was served on the parish recorder prior to his granting the certificate read by the sheriff on the occasion.

The sheriff's return shows that on the day of sale this officer read aloud the advertisement, the certificate of mortgage, and a statement of taxes due on the property; that he received a bid of $13,334, exceeding the two-thirds of the appraisement, but insufficient to satisfy the prior mortgages in favor of the minor for $34,375 and $11,147, and that he declared that there was no sale.

The certificate read shows the registry of the two acts of conventional mortgages, the former on the 28th May, 1877, the latter on the 30th October, 1878, and also of a judgment in favor of T. W. Bothick for $38,323, on January 10, 1879, and of plaintiffs' judgment on the 20th following.

The judgment of erasure authorizes the recorder of mortgages for the parish of Orleans to cancel from his records all the inscriptions resulting from the tutorship and the adjudication of common property. It contains no express authority to the recorder of the parish of East Baton Rouge to act in a like manner.

Conceding, *arguendo*, all the propositions of fact and of law advanced on behalf of the plaintiffs, there exists an insuperable objection to the granting of the relief sought.

The return of the sheriff does not show, and there is no supplying

evidence, that the sheriff, before he commenced the crying, gave notice that the property was sold subject to *any* mortgage with which burdened, and that he announced that the purchaser would be entitled to retain in his hands, out of the price of adjudication, the amount required to satisfy the special encumbrance or encumbrances affecting the property, with the condition that the purchaser shall pay in his hands, to the extent of the writ, whatever portion of the price for which the property shall be adjudicated which would exceed the amount of anterior encumbrances. This was a fatal omission.

It is immaterial whether the bid covered or not the two anterior apparent special mortgages. Assuming that there was but *one* prior encumbrance, that of $11,147, the plaintiffs could not still succeed, because the omission, on the part of the sheriff, of the announcement, which is imperiously required, is an unavoidable impediment to the sale. C. P. 683, 679, 678.

In McRae vs. Chapman, 10 R. 65, this Court held, that where the property is offered by the sheriff *without* an announcement of the anterior privileges and mortgages *and* of the right of the purchaser to retain the amount thereof, there can be no sale; also, 9 L. 542, the Court said : "He should have announced that the purchaser was entitled to retain in his hands, out of the price of adjudication, the amount required to satisfy the privileged debts and special mortgages the property was subject to, AND should have taken a bond only for the surplus." C. P. 678, 683, 684.

In Perry vs. Hollowry, 10 R. 107, the same doctrine was affirmed.

The nullity resulting from the sheriff's omission to make the announcement is not absolute, but relative only. It is one susceptible of ratification. It is established not so much for the benefit of prior mortgagees, who, if the sale were legal, might be driven to an hypothecary action, as it is in favor of subsequent mortgagees and of the owner himself, who have an interest in having the property to realize as high a price as possible by the granting of facilities to purchasers. 2 An. 617, 861; 9 An. 214. 218.

In this case neither the anterior nor the subseq"ent mortgagees have entered an appearance, but the *owner* strenuously contends against a divestiture of title. This is not a case of ratification.

The property was advertised for cash. Persons intending to buy were bound to know of the inscriptions and of the necessity of covering them to secure an adjudication. If the bid of the plaintiff be a correct test of the value of the property, it is easy to imagine that many may have abstained from attending the sale or bidding on the property. It is impossible to measure what prejudicial effect the continuance of the inscriptions may have produced in deterring bidders at the sale.

There is no doubt that if the sheriff had announced that the purchaser would have the right of retaining the $11,147, represented by the second admitted mortgage, this circumstance might have been an inducement and have provoked competition and secured a higher bid. Purchasers, as a rule, are strongly inclined to keep both the property and the money, and to postpone payment of the price as far as it can conveniently be done. The longer the terms the greater the inducement.

The plaintiffs have no reason to complain. They had the control of the writ and could have instructed and directed the sheriff and held him responsible in case of dereliction of duty. The plaintiffs might easily have obtained a correction of the inscriptions in the recorder's office, and should have done so, previous to the day of sale, to secure a valid expropriation of the defenfants' property. Under the circumstances it can well be conceived why the recorder, after service of the judgment of erasure, abstained from making any cancellation, and why the sheriff, in presence of two conventional mortgages in favor of a minor, ranking the seizing creditor, declined making any adjudication. Public officers clothed with ministerial functions, should not be placed in the perilous and unpleasant position of exercising a judicial discrimination.

There is error in the finding of the lower court.

It is, therefore, ordered and decreed that the judgment appealed from be reversed and that there be judgment in favor of the defendants, rejecting plaintiff's demand, with costs in both courts.

---

## On the Application for a Rehearing.

The opinion of the Court was delivered by

Levy, J. Counsel for the appellee suggests in a petition filed herein, that this Court has erred in its reversal of the entire judgment rendered by the lower court, and has failed to recognize the right of the seizing creditor, under the execution, to the rents and revenues collected by the sheriff pending the seizure. We omitted to give this matter consideration, as the question was neither discussed nor brought to our attention in the brief or oral argument of counsel, and, therefore, proceed to correct our decree, in this regard, so as to read as follows :

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be annulled, avoided and reversed in so far as it made the sale absolute and decreed that J. W. Bates, sheriff of the parish of East Baton Rouge, do make to the plaintiff, the Southern Mutual Insurance Company of Baton Rouge, a title to the property described, in accordance with the bid of said plaintiff, for the sum of thirteen thousand three hundred and thirty-four dollars; and that in all other respects the judgment appealed from be affirmed.

And it is further ordered that this decree be without prejudice to

the appellant to apply for a rehearing on the matter of this affirmance of the judgment of the lower court as to the right of plaintiff and appellee to receive the rents and revenues of the property seized under the execution from the time of seizure, collected by said sheriff; appellees to pay the costs of this appeal.

Rehearing refused.