Statement of the Case.
 

 MONROE, J.
 

 The plaintiff alleges that at a sale made December 11, 1894, in the matter
 
 *907
 
 of the succession of Treville Thibodeaux, he became the adjudicatee of the undivided one half interest of said succession in two tracts of land in the parish of St. Martin, the one, containing about 450 arpents, used as a plantation, and the other, containing about 200 arpents, consisting of woodland; and that the other undivided half of said tracts belongs to the heirs (of whom he is one) of Aspasie Le Blanc, predeceased wife of said Treville Thibodeaux. He further alleges that he wishes a partition of the property to be effected in so far as to segregate the half interest acquired by him as adjudicatee from the other half, and that'such partition can be made in kind, and he prays judgment accordingly.
 

 The defendants, some 14 in number, for answer aver that they and the plaintiff, as children or grandchildren, and heirs, of Treville Thibodeaux and Aspasie Le Blanc, are the owners in common of the two tracts of land, described in the petition, which were owned by the community existing between their said ancestors; that the alleged adjudication to the plaintiff of an undivided one half interest in said tracts was tainted with fraud, in that plaintiff’s bid was a sham, and bore no proper relation to the real value of the property, and that plaintiff never complied therewith or took possession of said property, but, on the contrary, disclaimed any rights in the same, and that the procés verbal of the adjudication was not recorded until within a few days of the filing of this suit.
 

 The facts, as disclosed by the evidence, are that Aspasie Le Blanc died in 1881, and that Treville Thibodeaux, her surviving husband, was put in possession of the estate belonging to the community which had existed between them, and which included the property here in controversy, as surviving partner and usufructuary. He was then, and had been for some years, administrator of the estate of P. A. Thibodeaux, and in 1889 he filed a final account showing a certain fund for distribution to the heirs of that estate, but the distribution was not made, or had only been partially made, when, in July, 1891, he died. According to the inventory taken in August, 1891, in the “Succession of Treville Thibodeaux and Wife,” the property included therein was worth $14,025.67, and the plantation tract here in dispute was worth $4,500, the woodland tract not being mentioned.
 

 Valery Thibodeaux, a son-in-law, was appointed administrator of both successions, and in October, 1891, presented to the court a petition, in which was incorporated a tableau of the debts, amounting in the aggregate to $7,296.22, of which $3,149.17 appeared to be due to the succession of P. A. Thibodeaux, and he alleged that he had, by order of court, sold certain movable property, the proceeds of which, added to the cash on hand, as per the inventory, amounted to $2,158.85, but that said sum was insufficient, and that, before proceeding further, he desired to have said tableau published, and, after due proceedings, approved, and to obtain an order for the sale of additional property for the payment of the debts thereby recognized. Upon this petition, an order was made directing the tableau thus presented to be published, and, the publication having been made and the heirs notified, and oppositions having been filed, there was a hearing, and a judgment whereby certain items, amounting in the aggregate to $1,434, were rejected, and, as thus amended, the tableau was approved and homologated, the other claims appearing thereon “recognized as just and valid debts due by said estates,” and the administrator directed to advertise and sell, for cash, the property of said estates 'to pay the same. The administrator proceeded accordingly, and advertised the property for sale, when, in June, 1892, several of the heirs now before the court, including the plaintiff, filed a petition in which they alleged, in substance, that at the date of the death of Aspasie Thibodeaux the community owed no debts; that the whole, or a greater part, of the amount said
 
 *909
 
 to be due to the succession of P. A. Thibodeaux had been paid, and that there was sufficient cash on hand wherewith to pay the balance, as well as other debts; that a certain tract of land included in the inventory, and containing some 47 arpents, belonged to the separate estate of Aspasie Thibodeaux, and that the sale thereof, and of the interest of her succession in the remaining property, was unauthorized; and they prayed for an injunction to restrain the sale, which was issued accordingly.
 

 The answer of the administrator is not in the record, but we find that a judgment was rendered, perpetuating the injunction thus issued, in so far as to restrain the administrator from selling the interest of the succession of Aspasie Thibodeaux in the property which had been advertised, and ordering that the probate sale be proceeded with with respect to Treville Thibodeaux’s interest therein. The administrator thereupon offered for sale certain movable property, as also Treville Thibodeaux’s interest in the land here in question, and on December 11, 1894, adjudicated the latter to the plaintiff— the interest in the plantation tract for $200, and the interest in the woodland tract for $50 —and the proces verbal, signed by him and the adjudicatee and two witnesses, and reciting that the sales had been made for cash, the aggregate amount being $502.25, was duly executed, and on January* 25, 1895, filed in court as part of the succession proceedings. It was not, however, recorded until February 17, 1903, two days- before the filing of this suit. Following this sale, in May, 1895, the administrator presented to the court his final account, from which it appears that, apart from the property and interest of the succession of Aspasie Thibodeaux, and inclusive of the sum of $502.25, “net proceeds of the sale of Dec. 11, ’94,” with which he debits himself, there had come into his hands the sum of $3,850.90, as against which the account shows claims, recognized as privileged, to the amount of $4,-128.60, and the petition, in which the account is incorporated, proceeds in part as follows, to wit:
 

 “Tour accountant avers that, there not being sufficient funds to pay the privileges, it is not necessary to mention in detail the mortgage claims due by the estate of Treville Thibodeaux, such as the balance due to the heirs of Placide Amant Thibodeaux, about $2,000, and the balance that may be due, if any, by Treville Thibodeaux to the heirs of Mozart Thibodeaux; and much less is it necessary to mention the ordinary debts due by the said estate, such as the note due to the heirs of J. Odillon Thibodeaux et al.”
 

 There is, then, a prayer that the account be published and the heirs cited, that the heirs of Aspasie Thibodeaux be put in possession of her estate, and that the account be homologated and the petitioner discharged. Several of the heirs, including the plaintiff and his brother and sisters, accepted service, and there was an order for the publication of the account, since which no further proceedings appear to have been taken. Upon the trial in the district court the defendant propounded to the plaintiff interrogatories on facts and articles, to which the plaintiff answered, in substance, that he is one of the heirs of Treville Thibodeaux; that he attended the sale at which the property here in question was adjudicated; that the sale was made by Robert Martin, for cash; that he gave a draft on said Martin for the amount of his bid; that he does not know that the property was inventoried at more than double the amount for which it was adjudicated, nor does he know that there was no sale because of his having paid nothing; that he took possession of the undivided half interest adjudicated to him; that he was not prevented by the administrator, and that the administrator did not protest to him against his so doing.
 

 The defendants offered to prove, by witnesses whom they tendered, the value of the property in question at the date of the adjud
 
 *911
 
 ication, as also certain statements or admissions said to have been.made by the plaintiff with regard to his alleged payment of the price of the property, but the testimony was excluded on objection by plaintiff’s counsel; and they offered the testimony of Valery Thibodeaux, the administrator, which was taken under commission, because he was physically unable to appear in court, and it was likewise excluded. It does not appear, and it is not alleged, that the property in question was appraised within 12 months preceding the sale, or at any time after the taking of the inventory in 1891. Upon the case as thus presented there was judgment for plaintiff, from which defendants have appealed. In this court the plaintiff pleads the prescription of five years against the attack on his title.
 

 Opinion.
 

 The counsel for the plaintiff insist that the inadequacy of the price affords no ground for a collateral attack upon his title. Ownership is, however, the basis of the action for partition which has been brought by the plaintiff, and it must be alleged and proved, and the necessity for such allegation and proof is of itself a concession of the defendants’ right of denial and counterproof. Civ. Code, art. 1320; Davis’ Heirs v. Elkins et al., 9 La. 147; Michel v. Davis’ Heirs, 12 La. 152. If the positions . of the litigants were reversed, and the defendants, under cover of an action for partition, had initiated an attack upon a judicial sale, the objection that the attack could not thus be made collaterally would be good. Barbee v. Perkins et al., 23 La. Ann. 331. But, where, as in this case, the plaintiff in the suit alleges, as he is bound to allege, that he is part owner of certain property, sets up, as he is bound to set up, title thereto, and asks that the court, recognizing his ownership, will order that the property be divided between him and those whom he sues, he challenges the latter for all the purposes of the case, and they have no choice in the matter, but must come into court and then and there meet the issues tendered, including the issue of ownership vel non in the plaintiff, which they find upon the threshold. It has been held by this court that the right of a party assailed in a petitory action to inquire into the validity of the proceedings under which the party attacking acquired title can admit of no doubt (Cronan v. Cochran et al., 27 La. Ann. 170), and the rule, and the reason for it, are equally applicable in actions for partition. We are therefore of opinion that, quoad the objections that this is a suit for partition in which plaintiff relies upon an authentic act and tenders no issue of title, and that his title cannot be attacked collaterally, the testimony offered on behalf of the defendants to prove the value of the property at the date of the sale and the failure of the plaintiff to comply with the terms of the adjudication and to take possession was improperly excluded. Upon the other hand, the testimony of Valery Thibodeaux, the administrator, taken under commission whilst the witness was lying sick at his home in the parish where the case was tried, for the purpose of showing that he had not received from the plaintiff the cash price for which the property was adjudicated and had not consented that the plaintiff should take possession, was properly excluded, because notice of the time and place of its taking was not given as contemplated by Code Prac. art 430.
 

 The learned counsel also insist that, the answers of their client to the interrogatories on facts and articles are conclusive upon the defendants, and thgy rely upon decisions of this court in which it has been held that such answers stand as part of the pleadings, “and when evoked, as a substitute for a counter letter, to .prove what can otherwise be proved by nothing but a counter letter, they cannot be contradicted by anything but a counter letter.” Godwin v. Neustadtl, 42
 
 *913
 
 La. Ann. 735, 7 South. 744. The rule of exclusion thus stated applies, however, only to the parties to the instrument attacked, and does not apply to third persons (Rush v. Landers, 107 La. 549, 32 South. 95, 57 L. R. A. 353), and, inasmuch as the administrator, particularly of an insolvent succession, represents the creditors rather than the heirs, it may well be questioned whether the defendants are to be considered parties to the act by which the plaintiff acquired. It is unnecessary, however, that this point should be decided, because the answers of the plaintiff show that one piece of the property, the undivided half of which was adjudicated to him for $200, was valued, when last appraised, at $4,500, and that the other piece had not been included in the inventory, and this, we think, is fatal to his title, unless defendants’ attack is barred by prescription.
 

 Article 3543, upon which plaintiff relies as supporting his plea, provides that “all in-formalities connected with or growing out of any public sale, made by any person authorized to sell at public auction, shall be prescribed against by those claiming under such sale after the lapse of five years from the time of making it,” etc'.
 

 The word “form” is commonly used, particularly in referring to laws and legal proceedings, as the antithesis of “substance,” and the meaning of the statute above recited is that irregularities and illegalities in public sales which do not reach matters that are of the essence of those contracts, or prejudicially affect the substantial rights of the parties who may be interested therein, shall be prescribed against after the lapse of five years. In particular cases it has been held that, where the law requires that property which is to be sold shall be first appraised and shall bring its appraised value, or a given proportion thereof, after having been advertised in a manner and for a period specified, the omission to appraise, failure to obtain the amount of the appraisement, or the proportion required, and error or failure in the matter of the advertisement, are informalities which are cured by the prescription here relied on. This may well be true, since the matters of substance involved in making a public sale are that the parties interested shall be afforded equal opportunities, and that the property shall bring as fair a price, the circumstances considered, as could reasonably be expected; and all this may be accomplished notwithstanding that there have been the omissions and failures mentioned. But if, by reason thereof, interested parties are deprived of their rights, or the main purpose in selling the property is defeated, and injury results, such omissions and failures affect, and themselves become, matters of substance, and can no longer be regarded as mere informalities. There seem to be but two cases in which appraisements are required to be made within the year — the one, where the property of the succession is offered first on credit (Civ. Code, arts. 1169, 1170); the other, where a partition is to be effected (Civ. Code, arts. 132A-1326) — but the law requires that the property of a succession shall be inventoried and appraised (Civ. Code, arts. 1101, 1106), and it has been held by this court that it cannot legally be sold at the first offering, for cash, for less than two-thirds of the appraisement. Succession of Hood and Wife, 33 La. Ann. 472. If, however, it be sold for less, but neither fraud nor injury are shown, and it does not appear that the price obtained was less than could reasonably have been expected at a forced sale, the failure to obtain the required amount may be regarded as an informality. Upon the other hand, if it be sold, not only for less than the required amount, but for less than its value at the time and under the circumstances, the failure to obtain the required amount is not an informality, but a matter of substance.
 

 In the instant case the plantation tract, of 450 acres, the undivided half of which
 
 *915
 
 was sold in 1894 for 5200, had heen last appraised in 1891 at §4,500, and the defendant ■offered to prove that at the date of the sale it was worth §6,000. The woodland tract, ■of 260 acres, which was sold for §50, is said to have been worth §500, but it was not included in the inventory, and, for aught that appears, was not within the contemplation of the order of sale. Our conclusion, therefore, is that the prescription relied on by the plaintiff has no application.
 

 For these reasons it is ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that plaintiff’s demand be rejected, at his costs in both courts.
 

 PROVOSTY, J., dissents.