LAND, J.
This was a jactitation suit, which has been converted into a petitory action by the defendant’s alleging title to the tract of land in controversy, to wit, the N. W. % of S. E. 14, section 15, township 20, range 15 W., in the parish of Caddo.
The plaintiffs and defendants trace their titles to Heilperin and Leonard, who made two conveyances of the tract in dispute, one to Tom Thomas in October, 1902, and the other to Benjamin F. Shaver in January, 1904.
Tom Thomas purchased the E. y% of N. E. and N. W. 14 of S. E. 14, section 15, township 20 N., range 15 W., for $3,288, represented by eight notes maturing respectively, on December 1, 1903, 1904, 1905, 1906, 1907, 1908, 1909, and 1910.
All of these notes were acquired by the Merchants’ & Farmers’ Bank & Trust Company, of Shreveport, which foreclosed on them in the year 1908. The property was adjudicated to Charles Ellerbe, who subsequently sold to the defendants Edson, Etchison, and Hicks.
Shaver sold to Browne in December, 1904, and Browne in 1907 conveyed an undivided two-third interest in the property to Wm. J. Hughes and W. Clarke Hughes.
The judge a quo held that the sheriff’s sale to Ellerbe was null and void because made for cash, contrary to the order of the court directing a sale for cash to pay the notes due, and on terms of credit to pay the notes to become due.
Defendants have appealed from a judgment rejecting their demands. Plaintiffs have answered the appeal, and prayed that the judgment below be amended by recognizing them as the owners of the property in dispute.
The order for executory process directed the sheriff to seize and sell the mortgaged premises for cash without the benefit of appraisement to pay the amounts due, and on terms of credit to pay the amounts to become due on December 1, 1908, 1909, and 1910, with all costs, interest, and attorney fees. The notice, writ, and advertisement of sale were all in accordance with the terms of the decree of foreclosure.
The return of W. R. Thomas, deputy sheriff, of even date with the sale, recited that he had received the writ on May 21, 1908, and had proceeded to execute the same by seizing the property described therein, by serving notice of seizure on the defendant, by advertising, for 30 clear days, in a certain public newspaper, that he would offer said property for sale at public auction, on the terms specified in said writ, at the courthouse between the legal hours of sale on Saturday, July 11, 1908; and the said return further recited as follows, to wit:
“And after complying with all the requirements of law, I on said day and at said place of sale and between the legal hours for sales, after reading_ the writ, advertisement and mortgage certificate, and announcing the terms and conditions of sale, did offer said property at public outcry, and at such offering the sum of two hundred dollars (the same being two-thirds or more of the appraised value) was bid by Clarence Ellerbe, which being the highest and best bid, said property was adjudicated to the said Clarence Ellerbe for the said sum of $200.00, which amount was paid and applied as follows:
Total amount o£ sale........................... $200 00
Paid slieriH ............................. $11 86
Clerk ...................'................. 5 20
Curator ................................. 10 00
Advertising ............................. 9 00 36 Off
$163 94
“Wherefore I return this writ satisfied as above shown on this the 11th day of July, 1908.”
On the back of the writ appears the receipt of the attorneys for the plaintiff in execution, for $163.94.
On the same day the sheriff executed a deed, containing, among others, the following recitals:
“And at said time and place, within legal hours for sales, and after the writ, the advertisement and the mortgage certificate (a copy of which is annexed to and made part hereof) having been read aloud by me, and after complying with all the requirements of law, I *869 exposed said property for sale at public auction, for cash, according to law, and at said offering Clarence Ellerbe, of the parish of Caddo, and state of ■ Louisiana, bid for said property two hundred dollars, and that this bid being -the highest and best bid, the before described property was adjudicated to the said Ellerbe for the said sum, * * * which said sum was applied as shown by my return and the receipt on the back of the writ of seizure and sale.”
Article 698 of the Code of Practice reads:
“This act thus recorded and delivered to the purchaser, shall be held as full proof of which it contains, in all the courts of this state, ,in the same manner as an act before a notary would be.”
Article 693 of the Code of Practice declares that such acts must make mention:
“Of the nature of the object sold, with a description of it, as well as of the price and conditions on which it has been adjudged,” and
“Of the manner in which the purchaser has paid the price, or bound himself to discharge it.”
' Article 686 of the Code of Practice provides that, where some of the installments are not due, the creditor “may demand that the whole property be sold for the payment of the whole debt, provided it be on such terms of credit as are granted to the debtor by the original contract for the payment of such installments as are not due.”
The sheriff’s deed recites that he “exposed said property for sale at public auction for cash according to law.” The purchaser paid the whole amount of his bid in cash, which was applied in part by the sheriff to the payment of costs, and the residue paid to the attorneys of the seizing creditor. The sale throughout was treated by the sheriff, the purchaser, and the plaintiff in execution as a cash sale. This fact rebuts any inference that might be deduced from the language of the return that the adjudication was partly on terms of credit.
In Carroll v. Scheen, 34 La. Ann. 423, it was held that, in case of a variance in the sheriff’s deed and his return on the writ, as to the identity of the adjudicatee, the deed will prevail. In McCall v. Irion, 41 La. Ann. 1126, 6 South. 845, the doctrine of Carroll v. Scheen was reaffirmed, and applied to a variance in the sheriff’s deed and his return as to the payment of the price of adjudication. These cases have never been overruled. In Chaffe v. Minden Lumber Co., 118 La. 753, 43 South. 397, there was ambiguity in the deed as to the description of the property, and it was properly held that the procés verbal and other proceedings might be consulted to determine what property was really intended to be conveyed.
[1] Assuming that, in the case at bar, the property was offered for cash, instead of part cash and part on terms, it does not appear that the defendant in execution thereby suffered any pecuniary injury, and it is doubtful whether he could have annulled the judicial sale on that ground. But, assuming that he could have done so, it does not follow that the plaintiffs, occupying the- position of defendants in a petitory action, can-urge such informality or illegality. Article 686 of the Code of Practice was enacted in the sole interest of defendants in execution,, and secures to them the right to have the property sold on the terms of credit stipulated in their contracts with the seizing creditors. This right is purely personal to the debtor, and the nonobservance of the law made to enforce the right creates a relative nullity. When the law prohibits an act, but from no motive of public policy or utility, the nullity is relative only and can be invoked alone by those in whose interest the prohibition is made. Whitehead v. Cramer, 9 La. Ann. 214; Id., 9 La. Ann. 216. In both cases, the property was adjudicated for less than the amount of the prior conventional mortgages in contravention of article 684 of the Code of Practice. In a previous case, the court had held that such a sale could not be treated by third persons as an absolute-nullity. Lawrence v. Birdsale, 6 La. Ann. 688. In the case of Southern Mutual Insur *871 anee Company v. Pike, 33 La. Ann. 825, the court said:
“The nullity resulting from the sheriff’s omission to make the announcement (required by C. P. 684) is not absolute, but relative.”
The adjudication of a minor’s property for less than its appraised value is a relative nullity. Frazer v. Zylicz, 29 La. Ann. 537. It is well settled that errors and mistakes in judicial sales, where the nullity is entirely a matter of private interest, cannot be inquired into collaterally, but a direct action must be brought to have the nullity declared. It is equally well settled that a defendant in a petitory action cannot avail .himself of a mere relative nullity in plaintiff’s chain of title. West v. Negrotto, 52 La. Ann. 391, 27 South. 75; Adolph v. Richardson, 52 La. Ann. 1160, 27 South. 665. The same rule applies to a plaintiff in a petitory action. Smith v. Lumber Co., 125 La. 705, 51 South. 693. The informality in the adjudication urged by the plaintiffs in this case concerns only the defendant in execution, Tom Thomas, and did not cause him any pecuniary loss. The fact that a small portion of the price was paid to the seizing creditor, instead of being retained by the purchaser to be paid in driblets, to the creditor from year to year, worked no injury to the defendant in execution. Neither the plaintiff nor defendant in execution are parties to this suit, and therefore the judicial sale cannot be annulled or revoked in this proceeding.
The cases cited by plaintiffs’ counsel do not overrule any of the cases cited supra. In Thibodeaux v. Thibodeaux, 112 La. 906, 36 South. 800, it was held that the sale of succession property, on the first offering, for less than one-tenth of its value, according to the last appraisement, is' a matter of substance and not a mere informality. In Doucet v. Fenelon, 120 La. 18, 44 South. 908, the court held that the nullities alleged were absolute. In Cronan v. Cochran, 27 La. Ann. 120, the property of the defendant had been seized and sold under a judgment in rem, which the court held to be a nullity.
[2] Plaintiffs, as defendants in the petitory action, aver that they hold the title held by Tom Thomas, with the right to sue for a rescission or otherwise. There is no evidence that the title of Thomas was ever transferred to the plaintiffs. Plaintiffs further aver that Ellerbe, the purchaser at thi sheriff’s sale, was interposed for Heilperi i and Leonard, and that said purchase inured to the benefit of the plaintiffs. Heilperin had nothing to do with the sheriff’s sale. Leonard, one of the liquidators of the Merchants’ & Farmers’ Bank, bought in the property for Ellerbe, his son-in-law, and advanced the money to pay the price. Leonard testified that he had no interest in the purchase. More than a year later, Ellerbe sold the property to Edson, Hicks, and Etchison. There is not sufficient proof that Ellerbe was a party interposed for Heilperin and Leonard. Ellerbe was the record owner of the property, and any secret understanding between him and Leonard as to the title did not affect third persons purchasing from Ellerbe on the faith of the public records. The contention that the sale from Heilperin and Leonard was simulated finds no support in the evidence, and, even if true, could have no legal effect against the bank, which acquired the notes given by Thomas for the purchase price, and against subsequent purchasers of the property from the record owner.
The plaintiffs, when they purchased, had record notice that the property had been previously sold to Thomas by their vendors. This notice had the legal effect of actual knowledge, and the plaintiffs purchased at their peril.
Plaintiffs called Heilperin and Leonard in warranty, and prayed for judgment over *873 against them for the return of the purchase price and damages.
The warrantors answered that the deed by them, to Shaver, was made in error, they having previously sold the same land to Thomas, and that the mistake was unintentional and inadvertent, and resulted solely from a clerical error in the description of the land intended to be conveyed. The warrantors tendered to plaintiffs the purchase price, with interest and costs.
It is therefore ordered that the judgment below be reversed, and it is now ordered that the defendants, L. E. Etchison, J. A. Edson, and 6. B. Hicks be recognized as the lawful owners of the N. W. % of the S. E.
of section 15, township 20 N. of range 15 W., in Caddo parish, state of Louisiana, and be put in possession of the same according to law; and it is further ordered that this cause be remanded to the court below for trial and adjudication of plaintiffs’ call in warranty; and it is further ordered that plaintiffs pay costs in both courts, without prejudice to their rights against the warrantors.