(129 So. 374)

**MALONEY v. WILKINSON.**

No. 30234.

June 2, 1930.

Rehearing Denied July 2, 1930.

Dimick & Hamilton, of Shreveport, for appellant.

George Thurber, of Shreveport, for appellee.

ROGERS, J.

The plaintiff, A. E. Maloney, as the holder of a past-due mortgage note signed by the defendant, J. V. Wilkinson, proceeded via ordinaria for the recognition and enforcement of his mortgage. The mortgagor was cited to appear and answer the suit, which he failed to do within the legal delays, and plaintiff obtained judgment as prayed for by default. A writ of fieri facias was issued on the judgment, under which the mortgaged property was duly seized and sold. The purchaser at the sale was Mrs. Pauline Maloney, the wife of the plaintiff, A. E. Maloney. The defendant, J. V. Wilkinson, refused to surrender the property to the adjudicatee, Mrs. Maloney, and she proceeded against him by rule to obtain the possession thereof. Wilkinson, the respondent in the rule, excepted to the proceeding, and, on his exception being overruled, answered setting up the nullity of the sale under which Mrs. Maloney, the plaintiff in rule, claimed title to the property. The court below rendered judgment in favor of Mrs. Maloney, plaintiff in rule, and J. V. Wilkinson, defendant in rule, has appealed.

The defense of the respondent, raised by way of exception, to the procedure by rule is untenable.

■ The proceeding to compel the mortgagor to deliver to the adjudicatee the property sold to satisfy the mortgage is a mere incident to the suit for the foreclosure of the mortgage, and, hence, may be by rule.

■ When the respondent, on the trial on the merits, offered testimony in support of his defense that the seizure of the mortgaged property was not made in the manner provided by law, plaintiff in rule objected to the testimony, on the ground that it was an attempt to attack a judicial sale collaterally, which could not be done. The trial judge expressed the opinion that the objection was well founded, but he admitted the testimony, subject to the objection, in order to make up the record.

We think the objection should have been sustained and the testimony excluded. Errors and mistakes in judicial sales, where the nullity is entirely a matter of private interest, cannot be inquired into collaterally, but a direct action must be brought to have the nullity declared. Hughes v. Edson, 129 La. 866, 57 So. 154.

[3] Moreover, the respondent, J. V. Wilkinson, was present and actually bid on the property at the sheriff's sale, but, having failed to comply with the adjudication, the property was reoffered and adjudicated to Mrs. Pauline Maloney, who by special plea has set up that the respondent is estopped from in any way contesting the legality of the sale. We think the plea of estoppel is well-founded since respondent's bid at the sale of his property under a judgment rendered against him cured the illegality if it, in fact, existed, complained of by him.

For the reasons assigned, the judgment appealed from is affirmed at the cost of the appellant.