Chicago Discount Corporation et al., Appellees, v. Ernest Palmer et al., Appellants.

Gen. No. 37,653.

Opinion filed February 13, 1935.

OTTO KERNER, Attorney General, and JOHN B. HAR-
RIS, Assistant Attorney General, for appellants.

FAGENHOLZ & KAPLAN and JACOB G. GROSSBERG, all of
Chicago, for appellees.

MR. JUSTICE WILSON delivered the opinion of the
court.

The plaintiff, Chicago Discount Corporation and
others, filed their third amended bill of complaint in
the circuit court of Cook county praying for an in-
junction to restrain Ernest Palmer, Director of Insur-
ance of the State of Illinois, and Hiram McCullough,
Supervisor of the Division of Small Loans of that de-
partment, from enforcing a certain rule or regulation
promulgated by them for the purpose of regulating and
restricting the business of making small loans. Plain-
tiffs are engaged in this business and are licensed
under the provisions of an act of the General Assem-
bly of the State of Illinois entitled, "An Act to license
and regulate the business of making loans in sums of
three hundred dollars ($300) or less, etc.," approved
June 14, 1917, and known as the Small Loans Act,
Cahill's St. ch. 74, ¶ 27 *et seq.*

The rule or regulation promulgated by the defendants is as follows:

"17i. Notes taken by licensees for loans made under the Small Loans Act are not negotiable. They may not be pledged or used as collateral, either with or without actual delivery to a pledgee, except that they may be pledged or hypothecated to another licensee under the Small Loans Act. In case of pledge or hypothecation to such licensee each note shall bear on its face, legibly printed or typed, the following statement:

" 'This note is non-negotiable but may be pledged to a licensee under the "Small Loans Act of Illinois" as collateral security. If so pledged, any payment made to the payee, either of principal or interest, upon the debt evidenced by this note, shall be considered and construed as a payment on this note, the same as though it were still in the possession and under the control of the payee named herein; and the person holding this note as collateral security hereby makes said payee his agent to accept and receive payments hereon, either of principal or of interest.' "

The original power to supervise persons or corporations engaged in the small loan business was originally placed in the Department of Trade and Commerce by the General Assembly, but since the passage of the act the Department of Insurance of the State of Illinois has been created as successor to the Department of Trade and Commerce.

The Small Loans Act provides that it shall be unlawful to make any loan of money, credit, goods or things in action in the amount or value of $300 or less, whether secured or unsecured, and to charge, contract for or receive a greater rate of interest than seven per cent per annum without a license from the Department of Trade and Commerce. Provision is then made fixing the amount of the license fee, the requirement of a bond, the time period of the license, the power of the

Department of Trade and Commerce to require an additional bond, a penalty for violation of the act, and for the purpose of discovering violations of the act, the Department of Trade and Commerce may at any time investigate the loans or business of every licensee, and shall have access to the books, papers, records and vaults of such licensee, and have authority to examine, under oath, all persons whose testimony it may require relative to such business, and the licensee shall keep such books and records as in the opinion of the department will enable it to determine whether or not the provisions of the act are observed.

Certain other provisions in the act pertain to the manner in which the loan business shall be operated and limits the amount of the assignment of wages or salary to 50 per cent of the borrower's wages or salary.

The constitutionality of the enactment has been passed upon by the Supreme Court of this State in the case of *People v. Stokes,* 281 Ill. 159, and its constitutionality sustained.

Upon the docketing of the appeal in this case in this court, plaintiffs filed their motion in writing, asking to have the cause transferred to the Supreme Court of this State on the ground that a constitutional question was involved. This motion was denied. It was the opinion of this court in its consideration of the motion that the act had been declared constitutional by the Supreme Court and that the only question before us was one involving the power of the Director of Insurance under the law, as enacted, to pass the particular rule or regulation in question.

Where the construction of a statute arises, the case in the first instance goes to the Appellate Court. In cases involving merely the construction of a statute and its validity, the Appellate Court has and will retain jurisdiction. *Illinois State Board of Health v. People,* 181 Ill. 512.

The powers of the Department of Trade and Commerce now exercised by the Director of Insurance of this State under the act, are fully defined in the opinion of *People v. Stokes,* 281 Ill. 159, where the court in its opinion says:

"It is further urged that the act is void as it confers judicial powers upon the department of trade and commerce with respect to requiring an additional bond if in its opinion the bond given is insecure, exhausted or otherwise doubtful, vests it with power to revoke the license if any licensee violates any of the provisions of the act, and empowers it to call and examine persons on oath for the purpose of ascertaining whether or not the licensee is complying with the act. While the powers conferred are in a sense of a judicial nature, they are not judicial powers in the sense those words are used in our constitution. No power is conferred upon the department to adjudicate upon the rights and interests of parties or to construe and apply the law. The sole power granted is to license and regulate the business, which carries with it, as a necessary incident, the right to determine whether or not the applicant for such license possesses the qualifications required by law and is a fit person to conduct such business. While the determination of such question requires the exercise of judgment and discretion, and to that extent is of a judicial nature, it is not judicial power as contemplated by the provisions of the constitution referred to. The only power the department has is to grant licenses and approve the bonds, and after a license has been granted to make an investigation for the purpose of determining whether or not the bond given is sufficient and whether or not the licensee is conducting the business in the manner required by the act. For the purpose of ascertaining these matters the department is vested with the power of calling witnesses and examining them on oath, and of examining the books, papers, records, etc., of the licensee, and

when it is found the licensee is an unfit person by reason of his violating the act, to revoke such license. But the act confers no power upon such department to determine any other matters or questions, except, alone, the single question as to whether or not the licensee is complying with the provisions of such act. The granting of such powers to ministerial officers has never been held to invest them with judicial powers, within the meaning of our constitution. (*People v. Apfelbaum*, 251 Ill. 18; *Block v. City of Chicago*, 239 id. 251; *Klafter v. Examiners of Architects*, 259 id. 15.)''

The powers of the Directors of Insurance, as defined in this opinion, are limited to the sole question as to whether or not the licensee is complying with the provisions of the act. These powers are ministerial and do not vest this department with the right to limit or qualify the rights or obligations of the licensee as defined by the General Assembly. We agree thoroughly with the position taken by counsel for the defendant, namely, that the act was passed in order to remedy an iniquitous situation under which necessitous borrowers of small amounts were required to pay excessive rates of interest to unscrupulous lenders. We also agree that the act was one most salutary in its purpose, but we are of the opinion that the enactment cannot be extended beyond the legislative intent and purpose by judicial construction. The regulation in question undertakes to make loans made under the Small Loans Act not negotiable and the paper executed at the time of the making of the loan not transferable by negotiation. If the regulation in question should be upheld, it would create a situation which would limit the lender to his or its individual capital and take from the licensee the power to do business on credit by hypothecating the paper of the borrower with the banks and other financial interests. The legislation would enlarge the scope of the enactment and it

necessarily would become a matter of substance and not a mere regulation as to form.

There is nothing in the act in our opinion, either express or by implication, which would confer upon the Department of Insurance the right attempted to be exercised by it in promulgating the regulation. If it had been the purpose of the General Assembly to have restricted the rights of the licensee in this regard, it would have been incorporated in the enactment. If such a restriction is deemed advisable, the legislature has the power by amendment to incorporate the restriction in an amendment to the act. Such an enactment as that in question will not be extended by judicial construction, especially where the language of the act is clear and has already been interpreted by our Supreme Court.

In the case of *Illinois Publishing & Printing Co. v. Industrial Commission,* 299 Ill. 189, in construing the Compensation Act, the rule was announced in clear and unequivocal terms by the Supreme Court as follows: ''The language of the act is clear and is not open to construction. It means just what it says—the provisions of this act shall apply automatically and without election to all employers and their employees engaged in enterprises or businesses declared to be extrahazardous—and the court has no right to read into the statute words that are not found therein, either by express inclusion or by fair implication. The plain and obvious meaning of the language used by the legislature is generally the safest guide to follow in construing any act. Seeking hidden meanings at variance with the language used is a perilous undertaking, which is as apt to lead to an amendment of a law by judicial construction as to arrive at the actual thought in the legislative mind.''

The rule or regulation adopted by the Department of Insurance is one of substance and not of form. The

Supreme Court of this State in the case of *Great United Mut. Benefit Ass'n v. Palmer,* 358 Ill. 276, in its opinion says: "What, then, is the proper construction of the words, 'which certificate shall be approved as to form by the Director of Trade and Commerce?' The clause which is complained of merely confers upon the Director of Insurance an administrative and supervisory control over the form of certificates of insurance, and does not give, nor even purport to give, him any authority as to the substance of the certificates. 'Form' is the antithesis of, and is in opposition to, 'substance.' (*State v. Japone* (Iowa), 209 N. W. 468; *Thibodeaux v. Thibodeaux,* 112 La. 906, 36 So. 800.) Substance is only that which is essential. (*State v. Burgdoerfer,* 107 Mo. 1, 17 S. W. 646.) It is our conclusion that the clause complained of was intended by the legislature to give to the Director of Insurance exactly what the act says it gives to him—i. e., a supervisory control over the form of insurance certificates but no authority to prescribe the substance thereof. So construed, the act is valid and constitutional."

In view of the language used in the case of *People v. Stokes, supra,* and the cases following and referred to, we are of the opinion that the powers of the Department of Insurance are limited under the Small Loans Act, to ministerial duties in seeing to it that the licensee complied with the act in the manner prescribed therein. The rule complained against is an attempt to create an additional prohibition against the licensee and one not included in the enactment. This regulation is, therefore, in our opinion, contrary to the express powers or duties granted that department by the enactment and, consequently, void.

For the reasons stated in this opinion the decree of the circuit court is affirmed.

*Decree affirmed.*

HEBEL, P. J., and HALL, J., concur.