PROVOSTV, J.
Section 10 of Act 159, p.. 315, of 1898, which is the statute governing receivership proceedings, reads:
“Where the court has appointed a receiver and it is made to appear that there is no reasonable ground to believe that the property of the corporation can be so administered as to pay its debts, and the possession thereof restored to the corporation, the court may on application of any party at interest, after ten days’ notice of such application on the order book, if there be no opposition, or after hearing if same be opposed, order the sale of the property and the distribution of its assets in accordance with the rights of the parties in interest.”
After the 10 days’ notice required by this law had been duly given, and no opposition made, the court ordered the property of the defendant corporation to be sold at public auction for cash, as is authorized by this law to be done. At the sale two-thirds of the appraisement was not bid; and the court ordered a readvertisement and a sale at whatever the property would bring on 12 months’ credit. An adjudication was made at this second offering, and the receivers filed a petition asking that due notice of this adjudication be given to creditors, and that, “should no opposition be made,” the adjudication be approved by the court.
Creditors filed opposition on the following grounds:
“(1) That property worth over a quarter of a million dollars was adjudicated for $5,000, over the protest of opponents’ counsel, and that said price is grossly inadequate.
“(2) That, though the property was burdened with a first bond mortgage, the sale was made without informing the bidders that the property would be sold free of incumbrances, and without procuring and reading a certificate of mortgage showing the incumbrances, so that the bidders did not know whether the purchase was made subject to incumbrances or free therefrom.
*846 . “(3) That there is no authority in law for selling property on 12 months’ bond for what it will bring.
“(4) That, even though the above grounds are not sound, the adjudication was null because the property did not bring enough to satisfy the prior liens.”
To this opposition the receivers filed an exception of no cause of action, which exception was sustained.
One reason they assign in support of that exception is that the sale, having been made strictly in conformity with the order of the court, must be considered to have been made by the court itself, and therefore not to need confirmation by the court.
We do not think that, after having themselves called the creditors to make any oppositions they might have, the receivers are in a position to urge that defense.
[1] In First National Bank v. Powell Bros., 128 La. 961, 55 South. 590, this court held that a certificate of mortgages need not be read at a receiver’s sale; but the attention of the court was not attracted in that case to section 3395 of the Revised Statutes, which requires such a certificate to be read at all auction sales. It reads:
“It shall not be lawful for any auctioneer, or person acting as such, to sell any real estate, without first producing and reading a certificate of mortgage, showing the mortgages and incumbrances recorded against the property offered, under a penalty of five hundred dollars for each offense to be recovered by the purchaser.”
The omission of this formality invalidates the sale (Perry v. Halloway, 10 Rob. 107; Southern Mut. Ins. Co. v. Pike, 33 La. Ann. 823), and is a peremptory ground against confirmation.
This conclusion obviates the necessity of passing on the first ground.
[2] The third ground is not well taken. This court held in Re Browne & Jenkins Co., 106 La. 490, 31 South. 67, that receivers’ sales of this kind were assimilated to syndics’ sales; and by article 2184, C. C., syndics’ sales are required to be made “at the same terms and under the same formalities that property seized on execution is sold”; and by article 682, C. P., property seized under execution is required to be sold on 12 months’ credit after readvertisement for whatever it will bring if at the first offering it does not bring two-thirds of its appraisement.
[3]Nor is the fourth ground well taken. Since the sale is being made to pay the privileged and mortgage creditors (Bank v. Powell Bros., 128 La. 961, 55 South. 590), it necessarily must be made, regardless of whether it brings enough to pay these privileges and mortgages in full or hot.
Judgment set aside, and case remanded to be proceeded with according to law; appellees to pay the costs of appeal.
O’NIELL, J., concurs in the decree.