# THE GREGG COMPANY

*v.*

# UTUADO SUGAR COMPANY.

San Juan, Equity, No. 898.

RE CONFIRMATION OF RECEIVER'S SALE.

Receivership—Confirmation of Sale.

    1. If no opposition is filed to confirmation of sale, but leave is asked to foreclose a mortgage, a creditor may press this application upon showing that the trustee himself does not do so.

Creditor's Bill—Sale.

    2. In the Porto Rican Federal court the assets of a corporation may be sold without the formality of foreclosure, and the proceeds stand in place of the property. If the decrees do not specify this, the court will hold up the confirmation until the purchaser files an agreement with surety to make the same bid at a resale.

Creditor's Bill—Estoppel.

    3. In order to ascertain whether the bondholders assent to a sale free of encumbrance, their attorneys of record will be required to furnish information on the subject.

Opinion filed November 29, 1918.

*Mr. O. B. Frazer* for purchaser.

*Messrs. Chas. Hartzell* and *Coll y Cuchi* for creditors and bondholders.

*Mr. Henri Brown* for Eduardo Georgetti, intervener.

HAMILTON, Judge, delivered the following opinion:

Gregg Co. v. Utuado Sugar Co.

The Utuado receivership began by bill filed July 5, 1912, and is thus the oldest as it has unfortunately been the least successful of the sugar receiverships in this court. This would seem to be due to the physical fact that the factory and the dependent lands are situated higher up in the mountain than the lands best suited for sugar culture, and so has to be operated at a greater expense. The property was at first operated by the receiver, which came to be at a loss to the estate, then rented by the receiver under orders of court, and now cannot be rented and yet when offered for sale until lately finds no bidders. After the trustee for the mortgage had appeared and submitted to the jurisdiction of the court for all purposes, the court on August 21, 1918, directed the receiver to advertise the property for sale at public auction, bids taken by the receiver to be subject to the approval of the court. The receiver made advertisement accordingly, dividing the property into three lots,— the first being the central and adjacent property; the second, a small piece not essential to the operation of the central and already sold to the Sanidad; and third, furniture, locomotive, carts, a small piece of land, and all other property and rights of the defendant not otherwise specified. While it is so expressed, the fact seems to be that the first lot is subject to a mortgage of $200,000 on the property, and the third is made up of the assets not subject to the mortgage. Neither the order of sale nor the advertisement make any reference to this mortgage.

The second lot mentioned in the advertisement was sold to the people of Porto Rico for $2,500, the first to the Sucesores de Abarca for $83,000, and the last to the Sucesores de Abarca for $5,000. The receiver makes no recommendation, but the

court is satisfied that under all the circumstances the price bid is not inadequate.

Before the sale the trustee under the mortgage filed in this court a motion for leave to foreclose the mortgage on the property. No order was made by the court, but notice was given of this at the sale.

Upon the coming up of the report for confirmation, no objection is filed by anyone, but an attorney of the court argues in opposition to the confirmation that he represents minority bondholders, inasmuch as the trustee, although urged to do so by the minority bondholders, does not press his motion for leave to foreclose.

1. There is no opposition filed to the confirmataion of the sale, but there is a motion by the trustee for the bondholders for leave to foreclose the mortgage. This raises the question, of interest to all parties, whether the sale passes title subject to the mortgage or whether the property was sold free of encumbrance. It is true that the trustee does not seem to press his motion, possibly because the majority of the stockholders are in sympathy with the contention of the purchaser Abarca that the sale was made free of encumbrance. The motion for foreclosure having been made, however, and the trustee not pressing it, the court has permitted a bondholder, Georgetti, to appear and press the motion upon the usual showing that he has requested the trustee to act and that the trustee has declined to do so. The sale, in the absence of opposition, could be confirmed without difficulty; but, as the mortgage is over double the amount of the bid for the property, a confirmation without understanding as to the result would probably bring up further questions, and it is better to give an oppor-

Gregg Co. v. Utuado Sugar Co.

tunity to settle the nature of the sale under the circumstances of the case before confirming it.

2. The court has already decided in this case (7 Porto Rico Fed. Rep. 219) upon the application of parties alleging themselves to be a majority of the stockholders, creditors, and bondholders of the corporation, representing more than three fourths in value of the said stock, indebtedness, and bonds of the company, that it has power to sell the assets of the defendant without the formality of a foreclosure and let the proceeds take the place of the property, standing subject to the same liens and claims. The rule is otherwise in some states on account of local statutes. Thus in Louisiana sale is had of the property free of encumbrance, the proceeds being subject to the lien. International Harvester Co. v. Union Irrig. Co. 139 La. 843, 72 So. 375. It is also not an uncommon provision that in case of partition a mortgage given by one cotenant shall be limited to the portion of the property assigned to that particular party. Here, however, the matter must be settled on general principles of equity. The court is satisfied that in the case at bar the proposed purchasers supposed they were obtaining the property free of all encumbrances. Such was the intention of all parties appearing in the proceeding, but the attorneys failed to draw a decree with the requisite particularity, and the skeleton order written by the clerk and actually signed by the court does not contain any reference to the mortgage. Nevertheless, being a judicial sale (34 Cyc. 309), the purchaser buys subject to all liens and encumbrances; and the holder of a bond, whether he be minority or majority bondholder, has rights which must be passed upon and respected if he chooses to invoke them. Kneeland v.

American Loan & T. Co. 136 U. S. 97, 34 L. ed. 379, 10 Sup. Ct. Rep. 950; Gay v. Hudson River Electric Power Co. 106 C. C. A. 643, 184 Fed. 689. There is also well recognized the principle that a person in interest, whether he be a bondholder or otherwise interested in property, cannot stand by and see changes made for the benefit of the property and afterwards take advantage of them. Lake v. Mudgett, 164 C. C. A. 289, 252 Fed. 365.

Upon the whole, in the absence of pleadings raising the point, it would seem wise for the court not to decide the question, but justice to the purchaser requires that he be not a sufferer from the situation, provided he will secure the trust fund against loss. The confirmation of the sale, therefore, will be held up for seven days, and if within that time the bidder, Sucesores de Abarca, prefer a resale under an order passing the title free of encumbrances, and will file security to make the same bid at such sale as they have made already, a public resale will be ordered under such terms as will cover the points above indicated.

3. It is possible that within such time it may be made to appear to the court that the petitioner Georgetti is estopped, or that a large majority of the bondholders prefer the confirmation of the present sale without more. That seemed to be the situation at the time of the opinion rendered by this court above noted. Without declaring, therefore, what will be the final action of the court in the premises, but in order to get all the facts before it for consideration, the following procedure will be had:

An order will be entered directing the attorneys Coll y Cuchi and Charles Hartzell, formerly claiming to represent

Gregg Co. v. Utuado Sugar Co.

the majority stockholders, to file within seven days a verified statement showing (1) whether they still represent the parties mentioned in their petition of July 20, 1914, and the number of bonds so represented, respectively, without specifying the serial numbers if not desired, (2) who are the other bondholders and the number of bonds held by them, the intent being to ascertain the relative numbers or fraction of the stockholders so represented and not represented, and (3) whether the stockholders represented by these attorneys favor the sale without foreclosure, and do of record waive the foreclosure by the trustee in favor of the purchaser at the sale now before the court.

In case a large majority waive their rights under the mortgage and of record transfer their claim from the property to the fund produced by the sale, it may be that the right of the purchaser is sufficiently protected without a resale, and, on the other hand, that the amount bid when paid into court will take care of any rights of the dissenting minority bondholders.

Until such further proceedings are had it would seem best to continue the question of foreclosure sale and the confirmation of the sale as reported by the receiver.

It is so ordered.