## Trudeau et al. v. McVicar.

Where a sheriff seizes, advertizes for sale, and sells " all the right, title, and interest of the debtor in a lot of ground," owned by him, but which was encumbered by mortgages, it must be considered as a seizure and sale of the property itself, and not of the contingent rights of the debtor to so much of the property as may remain after the mortgages are satisfied.

No action can be maintained on a twelve-month's bond given for the price of property sold under execution, where the price did not exceed the amount of the mortgages existing on the property, entitled to a preference over the claim of the judgment creditor. C. P. 684.

The sale is null; under such circumstances, no legal adjudication could have been made. The fact of the puachaser's being in actual and peaceable possession, cannot render him liable; the bond was without consideration, and no disturbance was necessary to justify a refusal to pay it. Nor would the fact of the mortgages being simulated alter the case; though simulated, they form a part of the price for which the purchaser would have been bound to the owner, had the sale been legal.

APPEAL from the District Court of the First District, *Buchanan*, J. *L. Janin* and *S. L. Johnson*, for the plaintiffs. *Schmidt*, for the appellant. The judgment of the court was pronounced by

KING, J.[*] The plaintiffs in this action have enjoined the execution of a *fieri facias* issued on a twelve-months bond, executed by them as principal and surety, alleging that the property, for the price of which it was given, was illegally adjudicated, having produced a sum insufficient to cover the special mortgages with which it was encumbered. There was a judgment in the lower court perpetuating the injunction, from which the defendant has appealed.

It appears that the defendant, *McVicar*, obtained a judgment against one *Samuel Thompson*, under which a *fi. fa.* was issued. The sheriff discovered that the only property owned by *Thompson* was encumbered by special and general mortgages to an amount far exceeding its value, and declined making a seizure. The writ was returned unsatisfied, and a second was issued, under which *McVicar's* counsel directed all the right, title and interest of *Thompson* in the property to be seized. It is admitted that the defendant intended to seize the contingent rights of the debtor in the property, that might remain after the satisfaction of the encumbrances, and thus to effect a sale without regard to the mortgages. It is not necessary to determine whether such contingent rights are subject to seizure under execution. The question does not arise under the state of facts presented by the record. The legality of the adjudication must be tested by the rules which govern sheriff's sales of immovables, subject to encumbrances prior to those of the seizing creditor.

The sheriff, under his instructions, seized all the *right, title and interest* of the debtor in a lot of ground and the buildings thereon, and advertised for sale the *right, title and interest* of the debtor in the property seized. This was a seizure and advertisement of the property itself. All the rights of ownership of the debtor are embraced within the description. The terms *right, title and interest*, used in the advertisement, are not such as designate any other rights to be sold than those which the sheriff is required by law to convey, or notify purchasers that they are to acquire any thing short of the property itself. The sheriff is only directed by law to convey to the purchaser at a sale under execution, all the right of the former owner to the thing sold. Code of Pract. arts. 694, 690.

On the day of sale the sheriff read the certificate from the mortgage office, from which the property offered appeared to be encumbered with two special mortgages, one in favor of the Carrollton Bank for $2400, and the other in favor of *Schneider* for $3000, and with several judicial mortgages, amounting collectively to about $20,000. He announced that the special mortgages were to be assumed by the purchaser, who would take the property also subject to the judicial mortgages; but added his belief that, the judgments were not against

---

[*] SLIDLLL, J., having been of counsel, did not sit on the trial of this case.

TRUDEAU
v.
McVICAR.

the defendant in execution, but against a different person bearing the same name. Whatever may have been the intention of the creditor, he seized, advertised and offered for sale the property itself, subject to all its encumbrances.

The plaintiff, *Trudeau*, acting by his agent, *Edwards*, bid $500 for the property, which was adjudicated to him for that sum, and for a part of the price he gave the bond in question. Our laws in relation to sheriff's sales require expressly that, the price offered shall exceed the privileges and mortgages existing on the property, and which have a preference over the judgment creditor, otherwise there shall be no adjudication. Code of Pract. art. 684. *Fernandez* v. *Bein, ante*, p. 32. It is clear, then, that there was no adjudication, and that the sheriff's sale is null. It is contended that the plaintiff was placed in actual and peaceable possession of the property, and cannot withhold the price, unless disturbed. The possession which was given could not have been maintained, being unsupported by title. Property was delivered in virtue of an adjudication expressly prohibited by law, and consequently null. There was nothing due by the plaintiff, *Trudeau*. His bond was given without consideration, and a disturbance was not necessary to justify him in refusing payment.

It is urged that the mortgage of *Schneider* is simulated, and that *Trudeau* admits his readiness to assume the mortgage of the Carrollton Bank. He could not test the validity of *Schneider's* mortgage, which was not made in fraud of his rights or to his injury. If it be simulated, it forms notwithstanding a part of the price, for which the purchaser would have been bound to the owner of the property, if the sale had been legal. The property was held by *Trudeau* for a short time, during which he received rents amounting to about $50, and expended more than that sum in repairs upon the house. The defendant has no claim on this score.          *Judgment affirmed.*