## HENRY E. LAWRENCE *v.* JAMES B. BIRDSALE et al.

Where the sheriff has seized and sold on execution, property which did not bring the amount of prior special mortgages, the sale is not an absolute nullity. It may be annulled at the suit of a prior mortgagee, or the defendant in execution; but third persons cannot treat it as a nullity; and, until the sale be set aside by judgment, it cannot be treated collaterally as a nullity.

APPEAL from the District Court of St. Mary, *Voorhies*, J. *W. C. Dwight*, for plaintiff. *J. G. Olivier*, for defendants. The judgment of the court was pronounced by

PRESTON, J. The plaintiff claims from the defendant, the rent of a house and lot in the town of Franklin, by virtue of a written lease from *Walter Brashear* to him, dated the 13th of April, 1843. The house and lot was seized on the 21st of August, 1843, at the suits of *Field* and others against *Walter Brashear*, and was sold and delivered by the sheriff to *William C. Dwight*, on the 4th of November, 1843. He transferred the property and rents due to him to the plaintiff.

The house and lot, as well as the rents, had been seized on the 12th of April, 1843, by the sheriff, in the suit of *Barrett* v. *Walker*, on a twelve month's bond of *Allen* and *Brashear*, and advertised for sale; which sale was enjoined. The injunction was dissolved, and the property sold under this execution on the 7th of December, 1844, to *Henry C. Dwight*, who intervenes in this suit, and claims the rents.

The district judge considered both sales nullities, because in neither was the property adjudicated for enough to pay the special mortgages existing upon it, and to the payment of which it was liable, before the claims of the seizing creditors, as required by article 684 of the Code of Practice.

<div style="float:right">LAWRENCE<br>v.<br>BIRDSALE.</div>

The first sheriff's sale was not absolutely void; the nullity was only relative. The defendant, or special mortgagees, might have caused it to be annulled for the reason assigned. Their rights are probably not affected by the sale. But third persons cannot treat it as a nullity; for the sheriff, by his deed, delivered possession, received the price, and the purchaser remained in possession more than a year. It is true, the property had already been seized, also the rents, before the seizure under which the plaintiff purchased it, and the first seizing creditor might have opposed the sale or claimed the proceeds. He did not do so; and, until the sale is set aside by judgment, it cannot be treated collaterally as a nullity.

The plaintiff is entitled to recover the rents from the 4th of November, 1843, until the 7th of December, 1844; say, two hundred and sixty-one dollars.

It is therefore ordered, that the judgment of the district court be reversed; and decreed, that the plaintiff recover from the defendant, two hundred and sixty-one dollars, with costs in both courts.

## SAME CASE—ON A RE-HEARING.

ON the application for a re-hearing, the judgment is amended and rendered for the plaintiff, against the defendant, for two hundred and seventy-two dollars and ninety-one cents; and that defendants pay costs in both courts, except those caused by the intervenors, which they, by the judgment of the district court, were condemned to pay.