E. T. PARKER, Syndic, *v.* JOSEPH GRELIER, AND JOSEPH GRELIER, Plaintiff in Rule, *v.* E. T. PARKER, et. als.

The debtor is entitled to the amount received over and above what is due by him on the judgment at a Sheriff's sale on execution; and no stipulation which the Sheriff may make with the purchaser shall estop him from claiming it.

APPEAL from the Second District Court of New Orleans, *Morgan,* J. *Hunt & Denegre,* for Sheriff Parker. *Bonford* and *Leggett & Redmond,* for Grelier. *Frank Haynes,* for A. & X. Bernard, warrantors.

LABAUVE, J. On the 26th June, 1860, Parker obtained an order of seizure and sale against certain mortgaged lots of Joseph Grelier, and, after the legal advertisement, E. T. Parker, Sheriff, adjudicated the said property to Auguste Bernard for $5,350, payable cash, and which he acknowledged to have received. Auguste Bernard, the purchaser, executed a bond, or obligation, as follows :

"We, Auguste Bernard, as principal, and Xavier Bernard, as security, are held and bound unto E. T. Parker, syndic of insolvency of Esther

Coivelle, in the sum of $590 92, for which we bind ourselves, our heirs and administrators firmly by these presents.

New Orleans, September 19th, 1860.

Now the condition of this obligation is such that whenever said syndic shall erase the tacit mortgage in favor of the minor Louis Roy, surviving child of Felician Roy, which exists on the lot of ground and improvements, purchased by Auguste Bernard, at the sale of E. T. Parker, syndic, v. Joseph Grelier, No. ——, of the docket of the Second District Court of New Orleans, then and in that case this bond shall have full force and virtue, otherwise to be null and void."

On the 20th February, 1861, Joseph Grelier, the seized debtor, obtained a rule upon E. T. Parker, the Sheriff, syndic ex-officio, to show cause, on 25th February, 1861, at 10 o'clock, A. M., why it should not be decreed that he pay over to the appearer, the sum of $634, with interest, from 7th August, 1860, said amount being the surplus of proceeds of sale of appearer's property, situated at the corner of Harmony and Magazine streets, in the Fourth District of this city, sold on said date, under an order of seizure and sale, issued at the suit of said syndic, against appearer, case No. 16,919 of this Court.

E. T. Parker answered, in substance, that no part of said sum came in his hands, but that the same was retained by Auguste Bernard; and that said Auguste Bernard and his security, Xavier Bernard, are liable, in solido, to pay said sum, in case it be determined that the plaintiff, in this rule, is entitled thereto, etc. He concluded by calling in warranty the said Auguste and Xavier Bernard. Auguste Bernard answered, in substance, that he was ready to pay whenever the tacit mortgage referred to was erased.

The District Court ordered that the rule be made absolute, and that E. T. Parker, Sheriff, ex-officio syndic, pay to Joseph Grelier $634, with legal interest, from the 7th August, 1860, till paid; and that E. T. Parker, syndic, have same judgment against Auguste and Xavier Bernard, in solido.

Auguste Bernard and Xavier Bernard took this appeal.

The said E. T. Parker declared, in the act of sale of the property, that he received the whole amount in cash; and it is not disputed that the excess, claimed by Joseph Grelier, was coming to him, and he has nothing to do with the bond in question; that is a matter between E. T. Parker, syndic, and Auguste and Xavier Bernard.

We have found no evidence in the record showing that E. T. Parker, syndic, had fulfilled the condition of the bond; and, until he does comply with that part of his obligation, he cannot recover. The judgment, therefore, rendered against Auguste and Xavier Bernard, in favor of said Parker, is erroneous.

It is therefore ordered and decreed, that the judgment of the District Court be affirmed, so far as it makes the rule absolute; and decrees that E. T. Parker, Sheriff, to pay to Joseph Grelier the sum of $634, with

interest. It is further ordered and decreed, that that part of the judgment decreeing Auguste Bernard and Xavier Bernard to pay same judgment to E. T. Parker, syndic, be annulled and reversed. It is further ordered and decreed, that there be a judgment of nonsuit in favor of said Auguste Bernard and Xavier Bernard against said E. T. Parker, syndic; and that said E. T. Parker pay costs in both Courts.