## No. 734.

## M. GILLIS VS. B. E. CARTER ET AL.

An intervenor may make whatever amendments of his pleadings that the plaintiff may make, provided the amendments do not retard the main suit.

Whoever claims the ownership of property which has been sold at sheriff's sale, under a judgment not absolutely null, must first proceed by a direct action to annul the judgment. Neither such a judgment, nor the sheriff's sale made under it can be assailed collaterally.

A judgment rendered on a prescribed note is not an absolute nullity.

APPEAL from the Twelfth Judicial District Court, parish of Franklin. Crawford, J.

Boatner & Elam, for plaintiff and appellee.

W. W. Farmer, for defendants and intervenors.

ON MOTION TO DISMISS.

The opinion of the court was delivered by

MANNING, C. J. The appellee moves to dismiss this appeal on two grounds;

1. The transcript now before us is the same as that brought up at the last term, when the appeal then taken was dismissed, except the new matter which consists of the petition of appeal, the order, the service,

etc., and the old transcript ought not to have been withdrawn, and the new matter appended to it.

2. The certificate of the clerk does not cover this new matter, and is therefore insufficient.

These objections are frivolous as grounds for dismissal. There is no reason why the old transcript should not be used, if permission to withdraw it had been obtained, and we must assume such permission was obtained. It saved costs.

The new certificate is in proper form, and covers the whole.

The motion is denied.

---

## On the Merits.

In September 1858 James P. Byrne bought of one Cockerham a tract of land in Franklin parish for fourteen hundred dollars, and executed three notes therefor; one for three hundred dollars payable on March 1. 1859, and two for five hundred and fifty dollars each payable on March 1, 1860 and 1861. A special mortgage was retained to secure the payment of the notes.

In July 1866 the commercial firm of Gillis & Ferguson instituted suit upon one of these mortgage notes for $550, and upon another note of $556 80, and a third for $48. Byrne was dead, and his widow had married Preston Hampton, and there were three minor children of Byrne surviving him. Judgment was rendered in that suit upon the mortgage note alone, with recognition of the mortgage, and was signed in March 1867. Three years afterwards execution issued, and the sale was injoined by Mrs. Hampton. It was made finally on Dec. 2 1871, when the present plaintiff became the purchaser. He sues now to recover the land, and for the value of its use and occupation during 1872 and every succeeding year the defendant may continue to occupy it.

The suit was instituted in June 1873. Carter was in possession under a lease, as alleged, from Preston Hampton, and both were made parties. Carter took no notice of the suit. Hampton pleaded the general issue. The three children of Byrne intervened, the oldest as an emancipated minor, and the other two by their under tutor, William Hampton, and claimed ownership of the land by inheritance from their father, alleging that the title under which the plaintiff claims is an absolute nullity, because the note upon which judgment was rendered in Gillis & Ferguson's suit was prescribed, and the judgment was upon a consent—because the acts of the sheriff in executing the process upon that judgment were irregular, there being no notice of seizure served upon any person au-

thorized to represent the intervenors—and the administrator or curator of the father's succession was not a party to that suit.

The plaintiff at once excepted to the intervention for this, that the under-tutor cannot represent minors unless there is a conflict of interest between them and the tutrix, and such conflict is not alleged, whereupon the intervenors prayed leave to amend in that respect. But plaintiff objected upon the grounds, that an intervenor cannot amend his pleadings at all, and if he can, that he cannot amend to cure a defect to which exception has been specially made, and thus save himself from the effects of such exception. The court refused permission to amend.

An intervenor is entitled to amend under the same circumstances that a plaintiff is, restricted always by the condition which perpetually attaches to him that he shall not retard the principal suit. Even if amendment were made of the petition of intervention, if the intervenor failed to shew on the trial the circumstances that required the under tutor to represent the minors, advantage of it could be taken then. The circumstances shewn here were, that the tutrix was a party in her personal capacity also to the suit upon the note, in which judgment was rendered in favor of Gillis & Ferguson, and which the intervenors now seek to annul.

The plaintiff answered the intervention by denying that the intervenors could attack the judgment, under which he claimed title, without bringing all the parties to that judgment and sale before the court, and that the intervenors were represented in that suit, and the judgment binds them.

The intervenor in a petitory action stands in the position of plaintiff, and must establish his title. Baldree v. Davenport, 7 Annual, 587. If he claims by inheritance from a vendee, whose rights of property have been apparently divested by judicial proceedings in enforcing payment of the price to the vendor, or the holder of the vendor's privilege, he must attack the proceedings in an action against all who were parties to them. It is urged by the intervenors that these proceedings were void and of no effect, and that the nullities set forth by them are absolute and not relative.

A judgment upon a prescribed note is not an absolute nullity. It is not a nullity of any kind as against a party who could plead prescription, and failed to do it. The debt may have been acknowledged, or its prescription may be questionable. When that judgment was rendered, a plea of prescription, interposed by the defendants in Franklin parish to the claim of the plaintiffs resident in New Orleans, would have been overruled under our jurisprudence as then interpreted. The text of the law is now as then.

The plaintiff holds under a recorded title, translative of property, and

it has been held (Anderson v. Carroll 23 Annual, 175.) that in the absence of any charge of simulation, the question of the nullity of the judgment under which the sale was made, because the sheriff failed to observe all the forms of law in making the seizure, cannot be inquired into collaterally by a creditor who has caused the seizure of the property without reference to the sale. He must attack the sheriff's sale directly. The intervenors will insist that they do attack the sale directly in this action, and besides they are heirs, but they have not all the parties before the court. They cannot conclude the interests of the plaintiffs in the judgment, who would be bound to the purchaser in case of the annulment of his title, nor of the other seized debtor without making them parties to the suit.

The land belonged to the community of acquets, and the surviving widow was a party to the suit. Her undivided half of the property was unquestionably acquired by the plaintiff. We find in the record that she was confirmed as natural tutrix to the minor children, who are the present intervenors, Aug. 31, 1866, and filed an exception to the form of the action in the following month, in which she states that she is acting " in her own right and on the part of her minor children." We are not prepared to say they were not represented with this appearance of their tutrix before us, and why the judgment should have recited in addition to the usual words, " by reason of the law and the evidence", the additional clause, " and the consent of parties" does not appear. The proof is ample to justify the judgment. Both the note and the recorded act of mortgage were in evidence, and this latter was also the act of sale, in which was recited that this note was part of the price, from which resulted the privilege of the vendor in addition to the mortgage.

The minors who are here claiming ownership of the land in controversy, because of alleged non-compliance with certain forms of procedure, are themselves to be reproached with non-compliance, either by their ancestor or themselves, with the fundamental rule which obliges the buyer of a thing to pay the price of the sale. Civil Code art. 2527.

J. D. Byrne did not pay for the land. It was sold to him without any cash payment. The note which represented part of the price was merged in a judgment, under which the plaintiff bought. The debt which the father owed was thus paid by the plaintiff when he bought the land, and the children connot complain if their demand to wrest the land from him is denied. He who seeks equity must do equity. He who invokes the law to permit him to grasp that for which he has not paid, is not injured when he is required first to acquit his own obligation to pay its price.

Judgment affirmed.

### ON APPLICATION FOR REHEARING.

The counsel for the defendants and for the intervenors have applied for a rehearing, and in behalf of the former claim that their plea of prescription of 'one year to the demand of the plaintiff for remuneration for the use and occupancy of the land during 1872, was not considered by the court. A rehearing is therefore granted for the purpose of passing upon that plea.

### ON REHEARING.

The citation was served June 13th. 1873. The demand for remuneration for the use of the land during 1872 became exigible January 1. 1873. The prescription of one year does not therefore apply. The plea is overruled, and    It is ordered, and decreed that our former judgment remain undisturbed.