O’NIELL, J.
On the 6th of March, 1916, E. O. Himler gave a mortgage on 320 acres of land, being the N. % of section 13, township 9 S., range 4 W., in favor of the Southwest Louisiana Farm Mortgage Company, to secure a debt of $5,500, bearing interest and attorney’s fees, and the mortgage was promptly recorded; on the next day he gave and recorded a mortgage on the same land in favor of the Roanoke Mercantile Company, to secure a debt of $1,100, bearing interest and attorney’s fees; and on the 14th of March, 1916, he gave and recorded a mortgage on the same land, in favor of the State Bank & Trust Company, to secure a debt of $1,981.77, bearing interest and attorney’s fees.
On the 24th of October, 1916, he transferred the property to his wife, by dation en paiement, subject to the three mortgages, and the deed was recorded on the same day.
On the 15th of November, 1916, the Advance-Rumely Thresher Company obtained judgment against Himler on a debt of $1,-455.91, bearing interest and attorney’s fees, and the judgment was recorded in the mortgage records on the same day.
Thereafter the Advance-Rumely Thresher Company sued to annul the dation en paiement as a fraudulent transfer of the property, and had a notice of lis pendens recorded in the mortgage office.
In June, 1918, the liquidators of the State Bank & Trust Company foreclosed the mortgage securing the debt of $1,981.77, by executory proceedings against Himler, and had the property seized and advertised for sale by the sheriff. Before the date of sale the Farm Mortgage Company bought the claim of the liquidators of the State Bank & Trust Company, and at the sheriff’s sale bought the property for $7,000, the last and highest bid. The purchaser paid the court costs, $118.30, and retained the balance of the purchase price in part satisfaction of the debts secured by mortgage; and, on the order of the sheriff, the mortgages were canceled.
In October, 1918, the Advance-Rumely Thresher Company brought this suit against the Mortgage Company, E. O. Himler and wife, and the liquidators of the State Bank & Trust Company, to have the sheriff’s sale to the Farm Mortgage Company declared null, and to have the land declared the property of E. O. Himler, subject to the judicial mortgage in favor of the plaintiff, and free of the conventional mortgages, which had been canceled. The grounds of nullity alleged were: (1) That the sheriffs sale to the Farm Mortgage Company was made for a price less than the amount of the debts secured by conventional mortgages superior in rank to that on which execution had issued; and (2) that the sheriff’s sale was made in consummation of a fraudulent conspiracy between the Farm Mortgage Company and E. O. Himler and wife to defraud the plaintiff, by having the Farm Mortgage Company buy and hold the property for Himler, who was then insolvent.
The defendants filed a plea of prematurity, contending that .the plaintiff, before instituting the suit, should have tendered the amount due the Farm Mortgage Company. The plea was overruled. The defendants then filed an exception of nonjoinder, claiming that the Roanoke Mercantile Company should have been made party defendant; in response to which plea the plaintiff filed a supplemental petition, making the Roanoke Mercantile Company a party defendant.
In answer to the suit, the Farm Mortgage Company admitted the allegation that Himler was the owner of the property when plaintiff obtained judgment against him; admitted that its acquisition of the debt due the liquidators of the bank was subsequent to the institution of the foreclosure proceedings and previous to the sheriff’s sale; admitted that the sheriff’s sale was for a price less than *327 the amount of the debts secured by prior conventional mortgages, but denied the right of plaintiff to sue to set aside the sale for that cause; denied that there had been a fraudulent conspiracy between the Farm Mortgage Company and Himler, or his wife; and averred and prayed that, if the sale should be annulled, the mortgages in favor of the Farm Mortgage Company should be reinstated, and that there should be judgment for the amounts due the company at the time of the sale, with recognition of the mortgages.
The Roanoke Mercantile Company filed an answer, similar to that of the Farm Mortgage Company, praying for annulment of the sale made by the sheriff, for reinstatement of its mortgage, and for judgment against Himler on the debt due at the time of the sale, with recognition of the mortgage securing the same. This defendant prayed, also, for judgment for $300.23 for taxes paid on the property, with interest and penalties, and for recognition of the tax lien and the mortgage securing the amount.
Himler answered, denying that he was the owner of the property at the time of the seizure and sale, and alleging that his wife then owned it. He admitted that the sheriff’s sale was made for a price less than the amount of the debts secured by senior mortgages, and that the sale should therefore be annulled; but he admitted and alleged that the conventional mortgages should be reinstated in the rank they had occupied before the sale. He denied that there was any fraudulent transaction on the part of himself or his wife or the Farm Mortgage Company.
The case having been tried on the issues stated above, judgment was rendered, in response to the prayer of the Roanoke Mercantile Company and of Himler, annulling the sheriff’s sale to the Farm Mortgage Company. Judgment was rendered against Himler and in favor of the Roanoke Mercantile Company and the Farm Mortgage Company for the sums claimed by them, respectively, with reinstatement and recognition of the conventional mortgages in their favor, respectively, in the order of their original registry, viz.: The mortgage of the Farm Mortgage Company for $5,500. and interest and attorney’s fees, being first in rank; the mortgage in favor of the Roanoke Mercantile Company for $1,100 and for $300.23 taxes paid, all with interest and attorney’s fees, being second in rank; and the mortgage acquired by the Farm Loan Company from the State Rank & Trust Company for $1,981.77, and for interest and attorney’s fees, being third in rank. The demands of the plaintiff, Advance-Rumely Thresher Company, against the liquidators of the bank and against E. O. Himler and wife, were rejected, reserving plaintiff’s right to proceed with the suit for annulment of the dation en paiement, and, if successful therein, to subject the property to a judicial mortgage subordinate to the conventional mortgages hereinabove mentioned. The plaintiff prosecutes this appeal; and the defendants, Farm Mortgage Company and Roanoke Mercantile Company, answering the appeal, pray that the judgment be amended by dismissing appellant’s demand for a judicial mortgage on the property, and that, as thus amended, the judgment be affirmed.
Inasmuch as the judgment' appealed from does not accord plaintiff a judicial mortgage on the property, but only reserves plaintiff’s right to acquire such mortgage in the event of plaintiff’s succeeding in the suit to annul the dation en paiement, there is no occasion for considering appellees’ prayer for an amendment of the judgment appealed from.
[1 ] Plaintiff had no right of action to annul the sheriff’s sale on the grdund that it was made for a price less than the amount of the debts secured by conventional mortgages superior in rank to the mortgage in foreclosure of which the property was seized and sold. The only parties who had such right of ac *329 tion were the Roanoke Mercantile Company, as holder of a senior conventional mortgage, and E. O. Himler, or his wife, the owner of the property. Were it not for their demand for annulment of the sale, plaintiff’s suit should have been dismissed. See Lawrence v. Birdsale, 6 La. Ann. 688; McClendon v. Kemp, 18 La. Ann. 167; Factors’ & Traders’ Ins. Co. v. De Blanc, 31 La. Ann. 103; Lane v. Cameron, 36 La. Ann. 777; McCall v. Irion, 41 La. Ann. 1132, 6 South. 845; Walmsley v. Theus, 107 La. 435, 31 South. 869; C. P. 864.
There is no evidence of a fraudulent conspiracy between the Farm Mortgage Company and the I-Iimlers. Appellant’s contention in that respect is that the Farm Mortgage Company intended to take over the property and sell it and give Himler whatever profit' might be made on the sale. There is no proof of such an agreement, and, if there were, the plaintiff would have no right to complain. When the property was sold at public auction by the sheriff, the plaintiff had as fair an opportunity for buying and speculating upon it as did the Farm Mortgage Company or any other bidder.
[2] The judgment appealed from is correct in so far as it orders the conventional mortgages reinstated and recognizes the order in which they ranked at the time of the sheriff’s sale. R. C. C. arts. 2045 and 2046; Leflore v. Carson, 7 La. Ann. 65; Bryant v. Stothart, 46 La. Ann. 489, 15 South. 76; Castle’s Heirs v. Floyd, 38 La. Ann. 587; Ragsdale v. Ragsdale, 105 La. 408, 29 South. 906.
The judgment appealed from contains a very slight error, in allowing interest on the $300.23 taxes paid by the Roanoke Mercantile Company from the 16th of April, 1916. The company prayed for interest only from the 1st of May, 1916. Appellant is entitled to a correction of the error, but it is so slight that we will not condemn the Roanoke Mercantile Company to pay the costs of appeal on that account.
It is not disputed that the decree annulling the sheriff’s sale, in answer to the demand of Himler and of the Roanoke Mercantile Company, is correct, and should be affirmed.
The judgment appealed from is amended, by allowing the Roanoke Mercantile Company interest on the $300.23 taxes paid from the 1st of May, instead of the 16th of April, 1916, and, as amended, the judgment is affirmed. The appellant is to pay the costs of appeal.