**DANZIGER ET AL. v. TESSITORE**

(March 10, 1930. Opinion and Decree.)
(April 7, 1930. Rehearing Refused.)
(June 4, 1930. Writ of Certiorari and Review Refused by Supreme Court.)

L. R. Wertheimer, of New Orleans, attorney for plaintiffs, appellees.

Joseph Rosenberg, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. George Danziger and the partnership of Stulb & Stulb are real estate agents. As a result of their co-operative effort, an agreement was entered into whereby the defendant John P. Tessitore and W. G. Senseman agreed to buy from and sell to each other certain real estate mentioned in the contract. The agreement was not consummated; and this suit, which is one against Tessitore by the real estate agents, joined as plaintiffs, for a commission, resulted. There was judgment below in plaintiffs' favor, as prayed for, in the sum of $1,340, and defendant has appealed.

The alleged liability of Tessitore is based upon a clause in the contract reading as follows:

"In the event either purchaser or vendor shall fail or refuse to comply with the terms of this offer and agreement if accepted, and it shall become necessary for any parties hereto to employ an attorney to enforce compliance therewith, or to institute or maintain a suit for damages, the party failing or refusing to comply, shall pay, in addition to the real estate agent's commission, the fee of the attorney so retained to be fixed by the Court—and any and all costs incurred by reason of such suit."

The effect of this clause is to condemn the party through whose fault the contract fails of consummation for both commissions, the one due Stulb & Stulb and the one due Danziger.

The contract, which is dated December 7, 1927, obligates Senseman to sell a number of vacant lots on Scott street and State street drive for $15,000 and to purchase from Tessitore five double cottages on Green street for $18,000. It obligates Tessitore to buy the vacant lots of Senseman and to sell the cottages. Senseman's offer to buy is made "subject to a homestead loan of $10,000.00," and Tessitore's offer to buy is made "subject to a homestead loan of $7,000.00." Both parties agreed to perform their part of the contract by executing the necessary acts of sale within thirty days, and "in the event either purchaser does not comply with his agreement to purchase within the time above specified, the other vendor shall have the right, at his option, to declare the deposit ipso facto forfeited, without further formality and without the purchaser being put in default —time being of the essence of this contract —or said vendor may, at his option, demand specific performance; in the event, either vendor does not comply with his

agreement to sell within the time above specified, the other purchaser shall have the right at his option to either demand the return of his deposit, plus a like sum, or specific performance; in case of forfeiture of deposits as provided above, the total commission earned by the agent shall be paid out of said deposits, reserving to the party acting in good faith, the right to proceed against the defaulting party for the recovery of said commission."

The suit is defended upon the grounds: First, that the contract contains the potestative condition in that the undertakings of both parties are made "subject to homestead loan," citing Titus vs. Cunningham, 7 La. App. 37, and other authorities; second, that the term of the contract had expired without either party complying with his obligations thereunder.

Taking up the defenses in the inverse order, we find that neither Senseman nor Tessitore complied with their agreement in respect to the time of performance, which is stipulated to be of the essence of the contract. We cannot say that Tessitore was any more to blame than Senseman. Senseman did not own the property and did not acquire title to it until sixty days after the expiration of the time limit. It is said that Tessitore, by his failure to carry out his part of the agreement, influenced Senseman in delaying his acquisition of the property he had agreed to sell and vice versa. An attempt was made to show that Tessitore's failure was due to complications in regard to a debt of $5,000, which he owed Mr. Manuel Weil, the notary public before whom the reciprocal acts of sale were to be passed, Mr. Weil, it is claimed, insisting upon a mortgage on the property to be conveyed, as security for the debt. Mr. Weil, when placed upon the stand, denied that he interfered in any way, and testified that the reason the transac-

tion fell through was Senseman's inability to complete arrangements with the owners to obtain title to the property he had agreed to sell, and, as a matter of fact, as has been stated, he did not acquire the property until sixty days after the expiration of the time in which he had agreed to convey it.

Our conclusion is that, whatever the reason may be for the failure of the execution of this contract, it cannot be said to have been entirely due to Tessitore, and it is certain that Senseman was at no time during the term of the contract in a position to comply with his undertaking. R. C. C. art. 1913.

It is said that the only consequence of the failure of either party to comply with the agreement within the term of the contract was, as stated in the contract, to give the other party the right, at his option, to either demand the return of his deposit, plus a like sum, or specific performance. If, the argument proceeds, there was a right of action for specific performance, the contract could not be said to have been at an end, since the conferring of a right of execution on one of the parties would imply its existence. However that may be, when both parties have failed to comply with the contract, neither is in any position to demand a penalty for its breach.

As to whether Tessitore is liable to his agent for a commission, that is a question we do not decide, it not being before us at this time, since this suit is brought by both agents joined as co-plaintiffs.

It is unnecessary to discuss the other defenses raised.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that there be judgment in favor of defendant, John P. Tessitore, dismissing plaintiffs' suit at their cost.