KELLER et al. v. SUMMERS et al. *

No. 1424.

Court of Appeal of Louisiana.
First Circuit.

Jan. 21, 1935.

J. O. Broussard, of Abbeville, for appellants.

Nugier & Gordy, of Abbeville, for appellees.

MOUTON, Judge.

Felicien W. Keller bought a lot of ground in the town of Abbeville from Adolph Brasseux on which he gave a mortgage in favor of his wife, Anaise Hebert, who died after the granting of this mortgage, leaving as her sole heirs, Frances Keller and Eurvey Keller, issue of her marriage with Felicien W. Keller.

The succession of Mrs. Keller was opened, Frances and Eurvey Keller were recognized as her heirs, were placed "in possession of this mortgage" amounting to $800, with interest from December 2, 1910, with recognition of its registry in the mortgage records of Vermilion parish and resting on the property described in the sale of Brasseux to Felicien W. Keller, thus subjecting this property to the mortgage.

In October, 1917, J. Sidney Lyons, justice of the peace, third ward, parish of Vermilion, rendered a judgment in favor of L. H. Summers, defendant, against F. W. Keller, for $159.95 with interest.

A writ of fieri facias was issued in execution of this judgment by L. H. Summers and the property acquired by Felicien W. Keller, his judgment debtor, covered by the mortgage given his deceased wife, decreed to belong to her heirs in the succession proceedings of their mother, was seized under the writ by the constable of the third ward, justice court, and advertised for sale.

The property was adjudicated at public sale by the constable to L. H. Summers, judgment creditor, for $159.95.

Before making the sale, the constable read to the bystanders a list from the clerk of court for the parish of Vermilion, showing the special mortgages, also judicial mortgages incumbering the property.

First on the list appears: "A special mortgage dated December 2nd, 1910, in favor of Anaise Hebert and against F. W. Keller, for the full sum of $800.00, with legal interest thereon from date hereof." Thereafter on the list is listed a special mortgage on the property for $1,000, and another special mortgage for $50.

This suit is brought by F. W. Keller, Frances and Eurvey Keller, his two daughters, now married, to have this sale to L. H. Summers decreed null, because the price of adjudication was not sufficient to discharge the special mortgages that were recorded against the property sold to Summers, particularly the special mortgage of $800, with interest, due the plaintiffs.

It is not disputed by defendants that plaintiffs had a special mortgage on the property for $800 with interest from December 2, 1910, nor that there were other special mortgages thereon for $1,000 and $50, as were listed by the recorder of mortgages, and that the certificates showing their registry had been read by the constable before making the adjudication.

The defendants filed as their only defense the plea of five years' prescription, taking the position that if any nullity existed by reason of the adjudication for a sum less than the amount due for the prior mortgages affecting the property, such a nullity was only relative and was cured by the prescription pleaded which constituted a complete bar against the demand of the plaintiffs.

This plea of prescription was maintained by the court and the demand of the plaintiff was rejected. Plaintiffs appeal.

In the case of Shaw v. Marceaux et al., 12 La. App. 401, 125 So. 460, this court held that where the price offered at an execution sale was insufficient to pay the special mortgages incumbering the property which had preference over the judgment creditor at whose instance the sale was made, no sale could be made, and that an adjudication under such circumstances was null.

We referred in support of this conclusion to the case of Pasley v. McConnell, 38 La. Ann. 470, where the court said that there was no better settled rule, that, unless the price of adjudication exceeded the special mortgages, there could be no sale; and, also to other cases where the Supreme Court, in equally clear-cut and unambiguous language, held to the same doctrine. Such has been the

ruling of our courts from the earliest authorities.

In the case of Robert Perry, Syndic of the Creditors of Powell v. Holloway, 10 Rob. 107, the court has this to say, where there are special mortgages existing "on property offered for sale by sheriffs, in favor of other persons than the seizing creditor and which are preferred to him, form essentially a part of the price for which it may be sold; and it cannot be sold, unless something be offered over and above their amount."

No stronger language could be used to show that the price of adjudication must be sufficient to satisfy the prior special mortgages, else there can be no adjudication or sale of the property. This ruling is in line with article 684, C. P., which says, if the price offered is not sufficient to discharge the mortgages on the property which have a preference over the judgment creditor, there shall be no adjudication. This article, 684, C. P., prohibits such a sale, unless the price exceeds the amount of the special mortgages having a preference over the claim of the judgment creditor. If a sale is made, unless such a price is offered, the adjudication is in contravention of a prohibitory law therefore "void, although the nullity be not formally directed." C. C. art. 12.

In the case of Whitehead, Receiver, v. Wiley, 9 La. Ann. 214, the court held that where the price bid does not exceed the prior conventional mortgages, the nullity is relative only. The same ruling is found in Lawrence v. Birdsale et al., 6 La. Ann. page 688. There may be one or two other cases where a similar ruling may be found, but if such there be, they have not come under our observation.

The ruling in these two cases must yield to the opposite doctrine held in the decisions cited by us, and in others which we find unnecessary to mention.

In accordance with the jurisprudence of this state, as we understand it, we therefore hold that as the price paid by L. H. Summers, adjudicatee of the property in question, was entirely insufficient to discharge the special mortgages which incumbered it at the time, the adjudication to him was void and absolutely null.

The prescription urged by defendants is based on article 3543, Civil Code.

The prescription of five years provided for in that article refers to informalities growing out or connected with public sales, such as pertain to the appraisement of the property, advertisement for its sale, or the sale being made at a place not designated.

In this case, the issue is not as to any informality connected with the sale, but refers only to the inadequacy of the price paid to satisfy the special mortgages which existed on the property. Inadequacy of the price paid is certainly a matter of substance and cannot be classified as a mere informality.

For want of a price in this case to discharge the special mortgages, the sale was absolutely null and is not cured by the prescription of five years under Civil Code, art. 3543, which applies only to informalities connected with public sales.

The judgment maintaining the plea of prescription is therefore annulled, avoided, and reversed; the plea is overruled, and this case is remanded to the lower court to be proceeded with according to law.