ELLIS, Justice.
Plaintiff filed this petitory action in which she prays to be decreed the owner of an undivided %th interest in and to the following property:
“The North Fifty (SO) feet of Lot Six (6) of Block Seven (7) of the Amelia Cormier Subdivision in the City of Lake Charles, Louisiana, with improvements located thereon; One (1) Lot of household goods and furniture valued at approximately $1000.00,” as forced heir of her mother, Clementine Broussard Thibodeaux, born Healy (Hardin) (Hardy).
In order to present a cause of action plaintiff alleged that she was born on Jan. 6, 1893 of the marriage between Henri Broussard and Clementine Broussard, which was her mother’s first marriage; that her mother’s second marriage was with Joseph Thibodeaux and of this union two children were born, viz., Rita Robertson, born Thibodeaux and Lillie Petetan, born Thibodeaux, made defendants herein; that her mother departed this life intestate at her domicile in Calcasieu Parish, Louisiana, on or about April 14, 1942, and her mother never adopted any person; that her mother left real and personal property which is within the jurisdiction of the *683 ■court, all of which belongs to the community of acquets and gains which existed between her mother and her mother’s second husband, Joe Thibodeaux; that by virtue of the foregoing facts plaintiff was the forced heir of her mother, Clementine Broussard Thibodeaux and as such is the owner of an undivided %th interest in and to the above described property.
The defendants denied the alleged marriage between Henri Broussard and Clementine Broussard upon the lack of sufficient information; denied that the plaintiff’s mother’s second marriage was with Joe Thibodeaux, but admitted that the defendants were the children of Joe Thibodeaux, denied that the plaintiff’s mother left any real or personal property in the jurisdiction of the court, and that the property belonged to any community of acquets and gains between the mother and her second husband, Joe Thibodeaux, but alleged or admitted that Joe Thibodeaux was the owner of the property in dispute. In fact, careful consideration of the defendants’ answer shows a denial of every material fact necessary to plaintiff’s cause of action.
The case was duly tried and the lower court with written reasons held that the burden of proof was on plaintiff to prove a valid marriage between her mother and Henri Broussard, her alleged father, and that she had failed to make this proof and, therefore, her cause of action must fail. Accordingly her rendered judgment in favor of the defendants and against the plaintiff rejecting her demands and dismissing her suit.
Counsel for plaintiff filed a motion for new trial on the ground that they had discovered since the trial of the case “A document in the records of the Parish of Lafayette, which is the authority to celebrate a marriage ceremony between Henri Brous-sard and Miss Clementine Hardin, which authority contains a certificate signed by E. J. Healy, a Catholic Priest, stating that he joined in the Holy bonds of matrimony Henri Broussard and Clementine Hardin.” Counsel further alleges that he used every effort and due diligence to procure the above evidence by the trial of this case. Upon the motion the lower court granted a new trial.
The defendants through their counsel, filed a written objection to the granting of a new trial and asked that it be revoked. They alleged in this objection that the suit was filed in August 1956 and more than 17 months elapsed from the date of the filing to the date of trial, and that the “newly discovered evidence” which was the basis of the motion for the new trial was a matter of public record in Lafayette Parish, Louisiana, and that plaintiff did not exercise due diligence in obtaining or attempting to obtain this newly discovered evidence which was available to plaintiff and which should have been obtained, particularly in view of the fact that it was a companion document to a document which was obtained and filed in the suit. The case was called for trial and counsel for the defendants renewed his objection for granting a new trial on the grounds set forth in the written objection, mainly that due diligence had not been exercised in obtaining the evidence for which the new trial had been granted. The court in effect overruled the objection and allowed the trial to proceed, whereupon, counsel for plaintiff produced as a witness an 88 year old man who had signed the priest’s return as a witness to the wedding of plaintiff’s mother and Henri Broussard, and in connection with his testimony offered the marriage certificate and the priest’s return as to his having married the parties.
The witness testified that he knew Clementine and Henri Broussard, was present at their marriage and that they had been separated for a long time but he gave no dates as to the separation nor as to the date of Henri Broussard’s death, in fact, testified that he did not know when he died. He also testified that he did not believe that plaintiff’s mother and Joe Thibodeaux, her alleged second husband, were ever married, “because Clementine never did divorce from Broussard.”
*684 After this second trial stated in its written reasons that “The court is now convinced that plaintiff is the legal daughter of Henri Broussard and Clementine Hardin (Hardy), and, accordingly, the written decree of March 3, 1958 is set aside and reversed and judgment is hereby rendered in favor of plaintiff, * * * ”, decreeing the plaintiff to be the legal child born of the marriage between Henri Broussard and Clementine Hardin and as such she was decreed to be the owner of an undivided %th interest in the property described in her petition.
Timely written motion for a Rehearing was filed by counsel for the defendants. In this motion counsel sets forth that the judgment was erroneous and should be revised for the following reasons:
“The opinion of March 27 is based on only part of the testimony of Wilson Woods, the witness for the Plaintiff. The record shows that Wilson Woods testified that there was never any marriage between Clementine Hardy and Joe Thibo-deaux, the parents of your defendants. Further, it was stipulated in the record that there is no evidence of any divorce between Clementine Hardy and Henri Brous-sard in the records of Lafayette Parish and testified to by a Deputy Clerk of Calcasieu Parish that no divorce had ever been rendered in Calcasieu Parish between these persons. Therefore, the second marriage as alleged by the Plaintiff, i. e., between Clementine Hardy and Joe Thibodeaux, was never shown to have been consummated and therefore no community was ever established between these parties. There being no community, then the mother of the Plaintiff never acquired any interest in the property, title to which is here litigated.
“There is no evidence in the record showing how or when Joe Thibodeaux acquired the property in which Plaintiff claims an interest. The only evidence which was introduced relative to the interest -of the Plaintiff’s mother in the property in the succession of Plaintiff’s mother, and Joe Thibodeaux, No. 5260 of the Probate Records of Calcasieu Parish, Louisiana. Examination of this record shows that there is no evidence as to how the decedents or either of them acquired any interest in this property. Without such proof, the Plaintiff’s chain of title is incomplete. This link in the plaintiff’s title being incomplete, and there being no way of knowing by the record in this case whether Joe Thibodeaux acquired the property before his alliance with Clementine Hardy or afterwards or whether he acquired it by donation, inheritance, or purchase, the Plaintiff has failed to prove her interest in the property in question.”
Instead of confining its further consideration of the case to a rehearing the lower court reopened the case and over the objections of counsel for the defendants, allowed the plaintiff to introduce a deed from Robert L. Coleman to Joe Thibodeaux in which the former transferred the property in question to the latter. In this deed it stated that “for and in consideration of the sum of Two Hundred Fifty and no/ 100 Dollars to me in hand paid by Joe Thibodeaux, married to Clementine Thibo-deaux * * * This deed was passed on the 13th of February, 1928. After this third trial the court in its written reasons stated: “After hearing the application for a rehearing, the court, in the interest of justice and with a view of avoiding a remand by the appellate court, granted a new trial.” The Court then reserved to the defendants the right to show the value of the improvements which they had added on the property in question in a new suit, and in all other respects “the decree handed down on March 27, 1958, is to remain in full force and effect.” An appeal from the judgment was taken by the defendants.
The defendants pitched their appeal on the ground that the trial court abused its discretion, “not once but twice in granting a new trial,” and that “even after three bites at the apple, plaintiff has still failed to make out a case.”
*685 We are of the opinion that the third new trial was not justified as no motion therefore was before the court, the plaintiff had two trials in which to place in the record a deed showing the acquisition of the property by Joe Thibodeaux, and even with the deed in the record the proof was insufficient upon which to base a judgment for the plaintiff in this petitory action.
As argued by counsel for defendants, ■orally and in his belief, it was necessary to the success of plaintiff’s suit that she prove that her mother and father were legally married, and by virtue of that fact she was a legitimate child of her mother, Clementine Hardin Broussard, and that there was •either a divorce between her mother and father, or that her father died prior to the •co-habitation of her mother and Joe Thibo-deaux, the father of the defendants, and the •existence of a legal marriage between her mother and the father of the defendants, Joe Thibodeaux, thereby establishing a •community, and that the property in question was acquired (other than by donation and inheritance) by the father of the defendants during the existence of the community between him (Jqe Thibodeaux) and the mother of the plaintiff, Clementine Hardy Broussard.
With regard to the burden of proof in & petitory action and the law governing such action, the cases in our jurisprudence .are legion and in accord, however, we believe that the late Judge Taliaferro, as the organ of the court, ably and concisely •stated such law in the case of Mower v. Barrow, 16 La.App. 227, 133 So. 782, 786, and we quote:
“And again, in Hyman v. Bailey et al., 13 La.App. 450: ‘It is unnecessary now to express an opinion upon the merits of the •cause, for plaintiff has shown no title, and he has no right to force defendants to exhibit their title, until he has established .an adequate interest in the land to authorize it. Plaintiff pretends to have purchased the land at Sheriff’s sale, on the 7th of April, 1855, by virtue of an execution issued out of the District Court of the parish of Rapides, on a judgment of A. Lilly v. S. E. Cuny et ah, wherein defendant, Bailey, was a judgment debtor. The only evidence of such title is the Sheriff’s deed of sale of the land to plaintiff. This is insufficient. It is incumbent on a party, claiming under a sale by virtue of a fi. fa., to produce the writ of execution, the sheriff’s return, and the judgment.’
* * * * * *
“It is axiomatic that plaintiff must recover on the strength of his own title, not on the weakness of that of his adversary.
“ ‘The plaintiff in an action of revendication must make out his title, otherwise the possessor, whoever he be, shall be discharged from the demand.’ Code of Practice art. 44; Trellieu Cypress Lumber Co. v. Albert Hansen Lumber Co., 121 La. 707, 46 So. 699.
“Where defendant is actually in possession, the plaintiff cannot be permitted to change his position with the form of action and escape the burden imposed upon him by this article. In order to recover and turn his adversary out of possession, he must establish his title. Bruton v. Braselton, 157 La. [64], 68, 101 So. 873; Atchafalaya Land Co. v. Brownell-Drews Lumber Co., 130 La. 657, 58 So. 500, Ann. Cas.1913C, 1358.
“But plaintiff insists that the sheriff’s deed to Virginia T. Johnson makes but a prima facie proof of sale, and cannot be attacked collaterally, citing Lawrence v. Birdsale, 6 La.Ann. 688; Anderson v. Carroll, 23 La.Ann. 175; O’Hara v. Booth, 29 La.Ann. 817; Gillis v. Carter, 29 La.Ann. 698; Shaw v. Marceaux, 12 La.App. 401, 125 So. 460.
“The doctrine laid down in these cases fit the facts to which it was applied, but, in a petitory action such as we are considering, plaintiff alleging possession in his opponent takes upon himself the burden of establishing a valid, if not perfect, title *686 in himself as against the admitted possessor.”
In the case at bar it can be said that the plaintiff has shown no title and she has no right to force the defendants to exhibit their title until she has established an adequate interest in the land to authorize it. The only evidence of her title is her proof, which is sufficient, that she is the legitimate child of the marriage of her mother with her father, Henri Broussard. She has utterly failed to establish any divorce between her father and mother or the date of her father’s death, that is, that it was prior to her mother’s living with Joe Thibodeaux. She has also failed to prove any marriage between Joe Thibo-deaux and her mother, and consequently any community, which is absolutely necessary to the success of her cause. Plaintiff must have established the existence of a legal community between Joe Thibodeaux and her mother; and the acquisition of the property in question during such community. The only evidence, if it could be considered as such, is a statement which we have referred to as being contained in the deed in which Joe Thibodeaux acquired the property in question. Such statement is entirely insufficient and needs no further comment. In addition to the statement there was a judgment in the succession of Joe Thibodeaux and Clementine Hardy, the father and mother of the defendants, in which there was an allegation that they were married and had acquired the property in question during such marriage. Such a bare statement, had it been questioned, would not have supported a judgment placing these defendants in possession in the ex parte succession proceedings. The ex parte judgment in the succession proceedings did not create title. The interest of any heirs became fixed at the moment Joe Thibodeaux died and also Clementine Hardy Broussard died, if any.
It is the contention of counsel for plaintiff that' the latter has proven that she was the legitimate daughter of Clementine Hardy Broussard Thibodeaux, and, “that there is evidence to indicate that the property in question was acquired by the community of acquets and gains existing between Joe Thibodeaux and Clementine Hardy Broussard Thibodeaux, entitling the appellee herein to an undivided one-sixth interest in the property.” Evidence that merely indicates the existence of a community of acquets and gains is entirely insufficient. Plaintiff must prove the necessary facts to the establishment of the title claimed by her in this suit.
Counsel for plaintiff further contends in his brief that even if the deed by which Joe Thibodeaux acquired the property and in which it was stated that he was married to Clementine Hardy were not considered, “the defendants herein should not be allowed to argue that this property was not community property belonging to the community of acquets and gains existing between Joe and Clementine Thibodeaux, as a person cannot attack the validity of his own title.” The burden was upon the plaintiff in this petitory action to recover on the strength of her own title, which meant, that among other things, she had to prove that the property was community property belonging to the community of acquets and gains existing between Joe and Clementine Thibodeaux. It might be said that there is a total absence of legal and competent evidence of such a fact in this case.
For the above and foregoing reasons it is, therefore, ordered that the judgment of the lower court be annulled, set aside, and reversed and it is now ordered, adjudged and decreed that there be judgment in favor of the defendants and against the plaintiff dismissing her suit at her costs.